UNITED STATES, Appellee

v

ROBERT A. JULIUS, Yeoman First Class,
U. S. Navy, Appellant

8 USCMA 523, 25 CMR 27

No. 10,478

Decided December 20, 1957

*Commander David Bolton,* USN, was on the brief for Appellant, Accused.
*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, and *Lieutenant (jg)
John V. L. Ellicott,* USNR, were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Arraigned before a general court-martial, the accused pleaded guilty to six violations of the Uniform Code of Military Justice. The law officer accepted the plea after first determining that the accused understood its meaning and yet persisted in it. The court-martial imposed a sentence of bad-conduct discharge, total forfeitures, confinement at hard labor for eighteen months, and reduction in rank to seaman recruit. Intermediate appellate agencies affirmed. The accused's petition for review, which this Court granted, claims an error not assigned before the board

of review, viz., that one of the specifications does not state an offense.

The specification referred to purports to allege a violation of Article 80, Uniform Code of Military Justice, 10 USC § 880. It reads:

"In that Robert A. JULIUS, Yeoman First Class, U. S. Navy, U.S.S. STEINAKER DDR–863 did on board U.S.S. STEINAKER DDR–863 on or about 1 February 1956, knowingly and willfully attempt to alter an official correspondence, to wit: BUPERS orders Pers–B2114–rab–25 dated 1 February 1956, PCS 01425, to CO U.S.S. STEINAKER DDR–863, FPO, New York, New York, by attempting to erase the words and figures CNATRA, CNATRA 6ND, KINGERY Junior, MMI, and WIDC."

The absence of an allegation of criminality in the above specification is immediately apparent, and the Government concedes this legal deficiency. The act alleged—an attempt to alter an official correspondence by erasure of certain words and figures—does not constitute criminal conduct without an allegation that the attempt was made without authority or was otherwise wrongful. Only under such circumstances could the alleged attempt become an offense. While a plea of guilt admits the facts alleged, that does not cure a specification which does not exclude all hypotheses of innocence. Since within the terms of the specification there is room to find that the accused was acting under proper authority—and this would be consistent with innocence—the facts set out are not sufficient, in and of themselves, to state an offense.

Despite his plea of guilty and his failure to raise the issue before the board of review, the accused nevertheless has the right to attack the sufficiency of this specification in this Court. A specification defective for its failure to state an offense may be attacked at any time. Paragraph 68b, Manual for Courts-Martial, United States, 1951. Compare United States v Karl, 3 USCMA 427, 12 CMR 183, with United States v Fout, 3 USCMA 565, 13 CMR 121.

Since the specification does not state an offense, the accused's plea of guilty thereto is a nullity and the finding must be set aside. It is so ordered and the case is remanded to The Judge Advocate General of the Navy to be submitted to the board of review for reassessment of sentence based upon the five remaining offenses.