UNITED STATES, Appellee

v

WILLIAM L. BRICE, Private First Class, U. S. Army, Appellant

17 USCMA 336, 38 CMR 134

No. 20,371

December 22, 1967

Captain Ray R. Williams, Jr., argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain Paul V. Melodia, and Captain John Kagel.

Captain Paul A. Bible argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel David Rarick and Major John F. Webb, Jr.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Kaiserslautern, Germany, charged with wrongfully possessing marihuana, attempting to sell marihuana, conspiring to sell, and selling marihuana, in violation of Articles 134, 80, 81, and 134, Uniform Code of Military Justice, 10 USC §§ 934, 880, 881, and 934, respectively. He pleaded guilty to all charges and specifications thereunder. He was sentenced to confinement at hard labor for four years. The convening authority approved the sentence providing for forfeitures of $86.00 per month for twenty-one months and confinement at hard labor for twenty-one months. A board of review in the office of the Judge Advocate General of the Army affirmed the findings of guilty and the sentence. This Court has granted review to consider two issues. Because neither requires factual background, we omit such a résumé and turn to the problems at hand.

The first issue to be considered proposes:

"BECAUSE OF THE CEILING PLACED ON THE CONFINEMENT PORTION OF THE SENTENCE BY THE PRETRIAL AGREEMENT, THE EXTENT OF THE FORFEITURES IMPOSED BY THE CONVENING AUTHORITY VIOLATED THE PRETRIAL AGREEMENT AND IS THEREFORE ILLEGAL."

To be considered, and compared in light of this issue, are the court-martial sentence of four years confinement, its reduction by the convening authority to $86.00 per month for twenty-one months and confinement at hard labor for twenty-one months, and, finally, the pretrial agreed maximum of dishonorable discharge, total forfeitures, confinement at hard labor for two years, and reduction in grade.

Construing Article 64 of the Uniform Code, 10 USC § 864, this Court has held that a convening authority has the power to lessen a court-martial sentence. Whether the action be termed a commutation, mitigation, or reduction of punishment matters not. United States v Russo, 11 USCMA 352, 29 CMR 168. This includes the power to change the form of the sentence. United States v Johnson, 12 USCMA 640, 31 CMR 226; United States v Prow, 13 USCMA 63, 32 CMR 63; United States v Brown, 13 USCMA 333, 32 CMR 333.

Appellate defense counsel, relying on these same authorities, agree that while a convening authority has the independent right to commute an adjudged sentence, commutation cannot be allowed where it does not reduce the severity of the sentence. Thus, utilizing the Table of Equivalent Punishments, Manual for

Courts-Martial, United States, 1951, paragraph 127c, page 215, wherein one day's pay is equated to one day's confinement at hard labor, it is concluded that the confinement approved—described as three months less than that of the pretrial agreement—could not be commuted to partial forfeitures for twenty-one months; the latter, taken in this context, being considered a greater punishment.

Argument is also made that the convening authority could not "commute the two years of confinement which he was obligated to disapprove because of the pretrial agreement into partial forfeitures." An Army board of review opinion in the case of United States v Highsmith, 34 CMR 664, is authority for the proposition that "Boards of Review had always construed the pretrial agreement as an operative limitation on the divisible portions of the sentence separately as well as collectively. The convening authority's use of any unapprovable portions of the confinement adjudged as a basis for commutation was not within the reasonable contemplation of the accused when he entered the agreement."

In response, appellate Government counsel believe the question to be resolved is simply whether this sentence, considered as a whole, is less than that imposed by the court-martial and less than that agreed upon in the pretrial agreement.

With the arguments thus joined, it becomes evident that the basic question is whether or not the pretrial agreement is an operative limitation on the divisible portions of the sentence. If so, the convening authority's commuting action may be measured in the manner advocated by the defense. If not, the alternative standard based on collectiveness prevails. Accordingly, we turn to a consideration of United States v Monett, 16 USCMA 179, 36 CMR 335, a case in point.

Monett was tried and convicted by a general court-martial in Vietnam for two offenses. Following a plea of guilty, he was sentenced to forfeiture of $50.00 per month for eighteen months, and reduction to the grade of E-3. The convening authority approved forfeiture of $50.00 per month for one year and reduction to the grade of E-3. At the time, there existed a pretrial agreement limitation of bad-conduct discharge and confinement at hard labor for one year. Neither of these punishments was included in the sentence of the court-martial.

A majority of the board of review in Monett set aside the sentence concluding that no possible sentence existed which the convening authority, bound by the terms of the pretrial agreement, might legally approve. Brief reference was there made to board of review opinions in United States v Renner, CM 393739, January 10, 1957 (unpublished), and United States v Highsmith, supra.

Colonel Baron, the dissenting board member, wrote in reply:

"Renner, supra, introduced into military justice a rule of construction denominated 'operative limitation on the divisible portions (i.e., discharge; confinement; forfeitures) separately as well as collectively.' This rule of construction was cited with approval in Highsmith, supra. Where the board found this doctrine of 'operative limitation on the divisible portions' they do not say nor do they give any rationale to support their theory. It would appear to me to be an unnecessary impediment on military justice and gives the accused an advantage beyond what he has bargained for.

"There is no reason in experience or logic why the sentence should be broken into its component parts and compared with the agreement, component for component. The accused bargained for a sentence in its entirety and unless there are special circumstances or understandings to the contrary it should be compared with the entire adjudged and approved sentence." [Emphasis supplied.]

As a consequence, an issue encompassing this disagreement was certified to the Court, and our opinion in Monett resulted. The rationale reflected by these cited cases is that the convening

338

authority may not properly order executed, a sentence wherein the quantum of any separate type of punishment is greater than the punishment of that type agreed to in the pretrial agreement or imposed by the court-martial.

Of this reasoning, we said in *Monett*, supra, at page 182:

"As we interpret the agreement, the board of review misconstrued its import. It did not provide that the convening authority would not approve a sentence that included forfeiture and reduction. *The limitation was that the sentence approved by the convening authority would not exceed a bad-conduct discharge and confinement at hard labor for one year.* In other words, the convening authority agreed that after he acted on the sentence adjudged by the court-martial, the accused would not be subject to any punishment more onerous than a bad-conduct discharge and confinement at hard labor for one year. *As Colonel Edwin W. Baron, the dissenting member of the board of review, phrased it, the question was whether 'a forfeiture of $50 per month for one year and a reduction to the pay grade E–3 [is] a lesser punishment than a bad conduct discharge and confinement at hard labor for one year?'* To answer the question, Colonel Baron considered it fruitful to compare the two punishments in light of the decisions of this Court dealing with the substitution of punishments by either a convening authority or by the court-martial on a rehearing to determine whether the substituted penalties were, as required by law, less severe than those originally imposed. See Articles 62, 63, and 64, Code, supra, 10 USC §§ 862, 863, and 864, respectively." [Emphasis supplied.]

With these words, we relegated to the past the doctrine of "divisible portions." We did so without limitation or qualification. Accordingly, the teaching of *Monett* is still binding on the Court. By its standard, the convening authority's commuting action in the instant case is obviously valid.

In reaching this end, we find little merit to the suggestion that *Monett* is distinguishable from the case before us because, pursuant to the staff judge advocate's recommendation, the convening authority, in *Monett*, reduced the period of forfeitures from eighteen months to one year to be "consistent" with the pretrial agreement. To succumb to this idea is not to distinguish *Monett*. In fact, it represents a repudiation being nothing more than a rendition of the "divisible portions" doctrine therein denounced. *Monett*, therefore, is hardly an appropriate vehicle of rejuvenation.

In the final analysis, one can only say the Court is simply being asked to midwife the birth of a rejected doctrine now cloaked in a new form and bearing a new docket number. This, we will not do.

The remaining issue requires us to consider whether or not:

"ADDITIONAL CHARGE I IS INSUFFICIENT TO ALLEGE A VIOLATION OF THE UNIFORM CODE OF MILITARY JUSTICE AS CONTEMPLATED."

Absent the usual words importing criminality, the specification under the above charge reads:

"In that Private First Class (E–3) William L. Brice, US Army, 67th Medical Depot, APO 09227, did, in conjunction with Specialist Four (E–4) Roosevelt Robinson, US Army, 67th Medical Depot, APO 09227, attempt to sell to Wayne C. Wood marihuana (hashish) at Landstuhl, Germany, on or about 19 August 1966."

In the relatively recent case of United States v Tindoll, 16 USCMA 194, 195, 36 CMR 350, this Court held, as we have done in the past, that a specification is sufficient if it "contains the elements of the offense intended to be charged (United States v Marker, 1 USCMA 393, 3 CMR 127; Hagner v United States, 285 US 427, 76 L ed 861, 52 S Ct 417 (1932)), including words importing criminality or an allegation as to intent or state of mind where this is necessary. Paragraph 28a(3), Manual for Courts-Martial, United States, 1951; United States v Hemp, 1 USCMA 280,

3 CMR 14; United States v Herndon, 1 USCMA 461, 4 CMR 53."

Appropriate to our case is the further observation:

" '. . . Under some circumstances a particular act may be entirely innocent; under other conditions, the same act constitutes a violation of the Uniform Code. United States v Bluel, 10 USCMA 67, 27 CMR 141; United States v Lowe, 4 USCMA 654, 16 CMR 228.' " [United States v Tindoll, supra, at page 195. United States v Holland, 12 USCMA 444, 445, 31 CMR 30.]

It may further be said that should this criteria not be met, the offense charged is fatally defective and a conviction thereunder must fail, for inadequacy cannot be waived. United States v Petree, 8 USCMA 9, 23 CMR 233, and cases cited therein. In spite of a plea of guilty and failure to raise the issue at intermediate appellate levels, accused is not precluded from doing so on appeal to this Court. United States v Julius, 8 USCMA 523, 25 CMR 27.

Appellate Government counsel offer the view that words of criminality would not add to the essential elements of this offense; that the sale of marihuana is an unlawful act proscribed by Federal law with certain identifiable exceptions (26 USC §§ 4741–4761; 21 USC § 176a) ; that under the Uniform Code such sale or attempted sale is presumed unlawful; therefore, any exception stands in the position of an affirmative defense; and, finally, that negativing exceptions need not be pleaded unless they constitute a descriptive part of the offense. McKelvey v United States, 260 US 353, 67 L ed 301, 43 S Ct 132 (1922). Accordingly, the omission in question is said not to render the specification insufficient.

Conversely, appellate defense counsel adopt the position that a sale of marihuana is not an unlawful act except under certain circumstances; that the drafters of the Manual so recognized by requiring under Article 134 the allegation of wrongfulness as to the possession or sale of marihuana; and, that

340

absent words importing criminality, lawfulness must be presumed with the specification being deemed defective. Stated otherwise, unless the specification sets forth an unlawful act, it must be presumed lawful. Where an act is not in itself an offense, being made so only by statute, regulations, or custom, words importing criminality are a requirement and, if lacking, the specification is deficient. United States v Tindoll, supra. A board of review reached these conclusions in United States v McCoy, CM 415582, decided October 31, 1967. We agree.

There exists no specific codal provision regarding the possession, use, or sale of marihuana. When charged, it is normally treated as a violation of the general article. The Manual discussion of offenses encompassed by Article 134 included the admonition that "It is a violation of this article *WRONGFULLY to possess marihuana or a habit forming narcotic drug.*" Cf. United States v Williams, 8 USCMA 325, 24 CMR 135.

Similarly, Appendix 6c of the Manual contains form specifications on possession and use of marihuana and both denote criminality by inclusion of the word "wrongfully." While the completion of a form specification does not guarantee the legal unassailability of an act charged, United States v Strand, 6 USCMA 297, 20 CMR 13, it does on the other hand reflect consistency as to what conduct such an offense is intended to proscribe.

This Court, in times past, has held that where a specific action alleges the violation of a particular article of the Code and the acts committed by the accused in and of themselves constitute an offense, the required allegation of wrongfulness in paragraph 28a(3) of the Manual, supra, is inapplicable. United States v Bunch, 3 USCMA 186, 11 CMR 186.

Yet, we have said with equal force that if the act charged does not of itself constitute criminal conduct without an allegation of wrongfulness, the omission thereunder renders the specification legally deficient. United States v

Julius, supra. We believe this rule consonant with the facts at hand for though such drugs constitute contraband, we cannot say with any degree of certainty that the attempted sale of marihuana is of itself, under all circumstances, a criminal act sufficient to forego the need of words denoting a *mens rea.*

Indeed, United States v West, 15 USCMA 3, 34 CMR 449, would indicate just the contrary. See also United States v Williams, supra, at page 327. We there made it clear the possession of such a drug may well be innocent and not in violation of Article 134, although —as a matter of proof—it may be shown otherwise. That accused was charged with the wrongful possession of narcotic drugs. We reversed his conviction because the law officer erred prejudicially in refusing to submit to the court-martial a purported defense of lack of wrongfulness in his admitted possession of the drugs.

Unlike the Uniform Code of Military Justice, those sections of Title 26 of the U. S. Code, relied on by appellate Government counsel, emphasized that which is wrong, by the use of statutory exceptions wherein possession of marihuana is lawful. These sections are further set apart by the existence of section 7491 containing the statutory provision, nonexistent in the Uniform Code, that it "shall not be necessary to negative any exemptions set forth in part II of subchapter A of chapter 39, relating to marihuana, in any complaint, information, indictment, or other writ or proceeding laid or brought with respect to part II of subchapter A of chapter 39." On the other hand, the additional provision that "the burden of proof of any such exemption shall be upon the defendant" (see also 21 USC § 176) is a matter, contrary to the urging of appellate Government counsel, totally unrelated to pleadings. Instead, this presumption is properly said to portray a rule of evidence directed only toward the aspect of proof. United States v Turner, 132 F Supp 336 (ND Ill) (1955); Smith v United States, 269 F2d 217 (CA DC Cir) (1959); cf. McDade v United States, 206 F2d 494 (CA 6th Cir) (1953). This also correctly describes the pronouncement in Manual for Courts-Martial, supra, paragraph 213*b*, at page 382, that "Possession of marihuana or of a habit forming narcotic drug is presumed to be wrongful unless the contrary appears." Based on the foregoing reasons, we conclude that the specification in question is defective, there being a demonstrated need for an allegation of criminality.

The decision of the board of review as to Additional Charge I is reversed. The findings thereon are set aside. The record of trial is returned to the Judge Advocate General of the Army. The board of review may order a new trial on a properly drawn specification or reassess the sentence on the remaining charges and their specifications.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my brothers that, for the reasons stated in the principal opinion, the specification of Additional Charge I does not allege an offense. I cannot join, however, in their view that the convening authority did not exceed the limits of the pretrial agreement in this case. For this reason, I would return the record to the board of review with instructions to reduce the sentence appropriately or to send it back to the convening authority for another action on the record.

Prior to the trial, the accused entered into an agreement with the convening authority whereby it was stipulated, in return for a plea of guilty, that no sentence in excess of dishonorable discharge, total forfeitures, and confinement at hard labor for two years would be approved. Implicit in this agreement, of course, as in every such case, was the fact that the accused was to have the benefit of any lesser sentence adjudged by the court. In this case, the court adjudged a sentence of confinement at hard labor for four years, including neither a punitive discharge, nor forfeitures in the punishment.

As the agreement stood, therefore, the accused was entitled to have his sentence reduced to confinement at hard

**341**

labor for two years, for that is the period involved in his pretrial agreement, and none would seriously urge the convening authority could, in light of the failure of the court to adjudge a dishonorable discharge and forfeitures, approve the entire sentence as handed down by the trial court. Yet, in my opinion, that is the ultimate result which the holding in this case would dictate, presumably on the basis of our decision in United States v Monett, 16 USCMA 179, 36 CMR 335. I participated in the *Monett* decision and agree with the holding therein, but I cannot accept the expansion of its principle to cover such a situation as is now presented. In my opinion, it may be safely distinguished.

In *Monett*, supra, the accused agreed to plead guilty in return for approval of a sentence not to exceed bad-conduct discharge and confinement at hard labor for one year. The court sentenced him to forfeiture of $50.00 per month for eighteen months, and reduction to the grade of E–3. The convening authority reduced the sentence to forfeiture of $50.00 per month for twelve months and reduction to the grade of E–3. Reversing the decision of the board of review, we upheld the action of the convening authority, pointing out that the sentence approved was lesser in amount than that adjudged by the court-martial and also lesser in degree than that to which the accused had agreed in the pretrial agreement. Such was easily demonstrated, for twelve months' forfeitures and reduction is lesser in quantity than the adjudged eighteen months' forfeitures and the same reduction. In like manner, twelve months' forfeitures and reduction is lesser in amount than the twelve months' confinement to which accused had agreed in his pretrial agreement. Indeed, we ourselves noted therein:

". . . As Colonel Edwin W. Baron, the dissenting member of the board of review, phrased it, the question was whether 'a forfeiture of $50 per month for one year and a reduction to the pay grade E–3 [is] a lesser punishment than a bad conduct discharge and confinement at

hard labor for one year?' To answer the question, Colonel Baron considered it fruitful to compare the two punishments in light of the decisions of this Court dealing with the substitution of punishments by either a convening authority or by the court-martial on a rehearing to determine whether the substituted penalties were, as required by law, less severe than those originally imposed. See Articles 62, 63, and 64, Code, supra, 10 USC §§ 862, 863, and 864, respectively." [United States v Monett, supra, at page 182.]

In short, in that case, the convening authority reduced the period of adjudged forfeitures to twelve months in order to conform to the pretrial agreement. Unlike that situation, however, the convening authority herein did not merely reduce the confinement adjudged in order to accord with the two-year limitation prescribed in the pretrial agreement. He purported to do more. He took that twenty-four-month reduction, which he was bound to make under the agreement in any event; subtracted three additional months; and "commuted" the entire "reduction" to forfeiture of $86.00 per month for twenty-one months. In short, what the convening authority here has succeeded in doing is to convert an additional three-month reduction in confinement to forfeitures of two-thirds pay for twenty-one months. Yet, as we noted in *Monett*, supra, the question presented is whether such change accords with the familiar formulae for substitution of punishments applied at every level in military justice. Under these, one day's forfeiture may be substituted for one day's confinement. Table of Equivalent Punishments, Manual for Courts-Martial, United States, 1951, paragraph 127c. Thus, by the additional reduction he made outside the terms of the pretrial agreement, the convening authority was authorized only to apply three months' forfeitures, and he exceeded that amount by some eighteen months.

Thus, I believe clearly this is not *Monett*, supra, wherein the convening authority reduced the period of forfeitures involved in the sentence to the

period of confinement authorized in the pretrial agreement. What has happened here is that the convening authority has, as he was bound to do, reduced the period of confinement to that involved in the pretrial agreement and then attempted to take the amount of sentence so set aside and convert it into an entirely different punishment. Therefore, rather than ending up with two years' confinement as the agreement contemplated, the accused ends up with that amount less three months, but plus a large financial loss for the same period. In my opinion, such sentence approval exceeds the agreement, and the uncritical extension of our *Monett* decision will result in the opening of a Pandora's box of post-trial changes in pretrial agreements, which will leave the accused totally confused as to what his agreement contains and the boards of review and this Court hearing numberless appeals on the distinction, if any, between the sentence approved and that for which the accused bargained. I can only hope that astute defense counsel will recognize the problems now presented and, in such cases, provide expressly against these new reformations. Otherwise, there will truly be no "agreement" on the approval of punishment in any sense of that word.

I would reverse the decision of the board of review and return the record of trial to the Judge Advocate General of the Army, with instructions to disapprove so much of the sentence as relates to forfeitures in excess of ninety days or to return the case to the convening authority for a new action consistent with my opinion.