UNITED STATES, Appellee

v

ROOSEVELT ROBINSON, Specialist Four,
U. S. Army, Appellant

17 USCMA 343, 38 CMR 141

No. 20,373

December 22, 1967

*Colonel Daniel T. Ghent* and *Captain Anthony F. Cilluffo* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major John F. Webb, Jr.,* and *Captain Paul A. Bible* were on the pleadings for Appellee, United States.

Opinion of the Court

KILDAY, Judge:

The appellant was arraigned before a general court-martial convened at Kaiserslautern, Germany, charged with the possession, attempted sale, conspiracy to sell, and sale of marihuana, in violation of Articles 134, 80, 81, and 134, Uniform Code of Military Justice, 10 USC §§ 934, 880, 881, and 934, respectively. He pleaded guilty to all charges and the specifications thereunder. He was sentenced to confinement at hard labor for three years. The convening

authority approved a sentence providing for confinement at hard labor for fifteen months and forfeiture of $37.00 per month for fifteen months. A board of review in the office of the Judge Advocate General of the Army affirmed the findings of guilty and the sentence. This Court has granted the appellant's petition to consider the question of:

"WHETHER ADDITIONAL CHARGE I IS INSUFFICIENT TO ALLEGE A VIOLATION OF THE UNIFORM CODE OF MILITARY JUSTICE AS CONTEMPLATED."

This issue arises because the specification under Additional Charge I alleges the attempted sale of marihuana without the inclusion of words denoting criminality. This same omission was considered with regard to an identically worded specification in the case of United States v Brice, 17 USCMA 336, 38 CMR 134. We there determined that a specification is defective when so drawn.

Accordingly, the decision of the board of review as to Additional Charge I is reversed. The findings thereon are set aside. The record of trial is returned to the Judge Advocate General of the Army. The board of review may order a new trial on a properly drawn specification or reassess the sentence on the remaining charges and their specifications.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

This case was tried with United States v Brice, 17 USCMA 336, 38 CMR 134, this day decided. For the reasons set forth in that opinion, I agree that the specification of Additional Charge I does not allege the offense of attempted sale of marihuana. Though not granted, the case likewise involves the issue of the convening authority purporting to convert a reduction in confinement which he was bound to make under a pretrial agreement into forfeitures of pay. For the reasons stated in *Brice,* supra, I am of the view that such "commutation" is unlawful and that the sentence, as approved, exceeds the pretrial agreement. Accordingly, I register my disagreement.

I would return the case to the board of review for reduction of the sentence to the limits of the pretrial agreement as well as reassessment in light of the eliminated charge.