**UNITED STATES**

v.

**James Lucius LIDDELL, 266 06 8978, Boiler Technician Fireman Apprentice (E–3), U. S. Navy.**

**NCM 76 1945.**

U. S. Navy Court of Military Review.

Sentence Adjudged 21 Jan. 1977.

Decided 19 Sept. 1977.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

Pursuant to his pleas, appellant was convicted at a general court-martial bench trial of conspiracy to possess and introduce hashish into a Naval vessel, wrongful possession of 3700 grams of hashish, and possession with intent to distribute 3700 grams of hashish, in violation of Articles 81, 92, and 134, UCMJ, 10 U.S.C. §§ 881, 892, and 934, and sentenced to a dishonorable discharge, confinement at hard labor for 2 years, total forfeitures, and reduction to pay grade E–1. In accordance with the pretrial agreement, the convening authority reduced the sentence to a bad conduct discharge, confinement at hard labor for 18 months, total forfeitures for 18 months, and reduction to pay grade E–1. Applying *United States v. Courtney,* 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976), retroactively and finding that appellant's pleas were based on a substantial misunderstanding of the maximum punishment authorized and improvident, we reversed. *United States v. Liddell,* No. 76 1945 (N.C.M.R. 29 November 1976). At a rehearing before a general court-martial composed of members, appellant was convicted of the same offenses pursuant to his

pleas and sentenced to a bad conduct discharge, confinement at hard labor for 15 months, forfeiture of $275 per month for 15 months, and reduction to pay grade E–1. In accordance with the pretrial agreement the convening authority disapproved the confinement at hard labor and approved the remainder of the sentence.

Appellant assigns the following errors:

I. THE SPECIFICATION OF CHARGE III FAILS TO STATE AN OFFENSE.

II. THE IMPROPER ARGUMENT OF TRIAL COUNSEL SUBSTANTIALLY PREJUDICED APPELLANT.

We find some merit in the first assignment of error and reject the second.

I

Charge III which is laid under Article 134, UCMJ, alleges that appellant at Malaga, Spain had in his possession with intent to distribute, approximately 3700 grams of hashish in violation of 21 U.S.C. § 841. The offense did not occur on board a Naval vessel. *Cf. United States v. Flores,* 289 U.S. 137, 53 S.Ct. 580, 77 L.Ed. 1086 (1933). Appellant contends that the specification does not state an offense because 21 U.S.C. § 841 does not have extraterritorial application. While the legislation of Congress, unless the contrary intent appears, is construed to apply only within the territorial jurisdiction of the United States, the question of its application so far as the citizens of the United States is concerned is one of construction, not of legislative power. *Blackmer v. United States,* 284 U.S. 421, 437, 52 S.Ct. 252, 76 L.Ed. 375 (1932). *See generally, United States v. Bowman,* 260 U.S. 94, 43 S.Ct. 39, 67 L.Ed. 149 (1922); *United States v. Cotten,* 471 F.2d 744 (9th Cir. 1973), *cert. denied,* 411 U.S. 936, 93 S.Ct. 1913, 36 L.Ed.2d 396 (1973); *United States v. Rodriguez,* 182 F.Supp. 479 (S.D. Cal.1960), *aff'd sub nom., Rocha v. United States,* 288 F.2d 545 (9th Cir. 1961). Comparing 21 U.S.C. § 841, which proscribes manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute or dispense a controlled substance, with 21 U.S.C. § 951, which proscribes manufacturing or distributing a controlled substance intending or knowing that such substance will be unlawfully imported into the United States and which specifically states that it is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States, we conclude that Congress did not intend 21 U.S.C. § 841 to apply outside the territorial jurisdiction of the United States. Therefore, the specification does not allege an offense under the third clause of Article 134 which prohibits acts and omissions denounced by Congress as noncapital crimes or offenses and made triable in the Federal civilian courts. A specification which does not sufficiently allege a noncapital offense or crime may be found to allege an offense under the first or second clause of Article 134 if, when the reference to the violation of federal statute is considered as surplusage and deleted, the specification sufficiently alleges an offense of conduct to the prejudice of good order and discipline. *United States v. Long,* 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952). In this case, if the reference to the federal statute is deleted, the specification in question contains no allegation importing criminality and states no offense under existing law. *See United States v. Brice,* 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967). Therefore, we conclude that the specification fails to state an offense and shall dismiss it. The military judge instructed the members that the specification was multiplicious for sentencing purposes with the specification under Charge II alleging possession of 3700 grams of hashish in violation of Article 92 and that appellant could only be punished for the possession alleged in Charge II. The circumstances surrounding appellant's conspiracy to introduce hashish aboard a Naval vessel and possession in violation of Navy Regulations were within the scope of appellant's testimony in extenuation and mitigation and properly explored by trial counsel on cross-examination. Consequently, appellant appears to have suffered no sentence prejudice from

the findings of guilty of the charge alleging a violation of 21 U.S.C. § 841.

## II

 Appellant contends that he was substantially prejudiced by improper argument of trial counsel on sentence. Assuming *arguendo* that the prosecutor's argument was improper, any risk of prejudice has been eliminated by the action of the convening authority disapproving the confinement adjudged.

Charge III and its specification are dismissed. The remaining findings of guilty and, upon reassessment, the sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge GRANGER concur.