UNITED STATES

v.

**Senior Airman Raymon W. TORREY, III, FR 378–62–3056, United States Air Force.**

**ACM S24912.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 Dec. 1979.

Decided 9 Oct. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter, Captain Richard O. Ely, II and Captain James H. DeAtley, USAFR.

Before EARLY, ARROWOOD and KAS-TL, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by special court–martial, military judge alone, the accused was convicted, pursuant to his pleas, of transferring vesparax on two occasions, possessing vesparax, and of transferring marijuana on two occasions and possessing marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $200.00 per month for five months and reduction to airman basic.

■ Appellate defense counsel first assert that the specifications drawn under Articles 92, Code, *supra*, fail to state offenses under the Code. We disagree.

The thrust of appellate defense counsel's argument is that the specifications are defective in that they do not allege that the transferring and possessing of vesparax were "wrongful", citing *United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967). We hold their reliance on *Brice*, *supra*, to be misplaced. There the accused was charged, among other things, with attempting to sell marijuana. It was contended that the specification omitted words of criminality, and, hence, did not allege an offense. The Court held that where an act charged as a violation of the Code may, under some circumstances, be innocent, the wrongfulness of the act must be specifically alleged.[1] Since the selling of marijuana was not prohibited by a specific Article of the Code and was customarily charged under Article 134, it was necessary to allege the wrongful nature of the act in order to establish the necessary *mens rea* of the act.

In the case at hand, to the contrary, the specifications specifically allege conduct violative of a lawful general regulation, and the citation to the regulation is set forth. Thus the specification in alleging the specific Article of the Code violated and the acts of the accused which violated it, supplied the necessary words of criminality to state offenses. To require a further allegation that the acts were wrongful or unlawful is unnecessary and would be surplusage. An allegation charging the violation of a lawful general regulation implicitly contains a charge that the act committed by the accused was itself an offense and therefore unlawful and wrongful. *United States v. Bunch*, 3 U.S.C.M.A. 186, 11 C.M.R. 186 (1953); see also *United States v. Irwin*, 22 U.S.C.M.A. 168, 46 C.M.R. 168 (1973).

We therefore hold that the specifications of Charge I state offenses and that the accused's pleas of guilty were provident.

In their other assignment of error appellate defense counsel assert that the military judge erred in admitting the testimony of the accused's supervisor as to his duty performance and rehabilitation potential since the testimony was not proper rebuttal to defense evidence. We agree.

After the findings of guilty, the trial counsel entered the data from the first page of the charge sheet, evidence of a prior Article 15 and the accused's performance reports. He then announced that he intended to call one witness. The defense counsel objected "since the defense does not intend to raise the duty performance of the accused as even an issue, in mitigation or extenuation...." The military judge overruled the objection, stating:

In that sentencing portion of a case is for all intents and purposes presentencing investigation conducted by the Federal Court System, perhaps even more so in a guilty plea where matters are not fully litigated before the court, I will allow the prosecution to present matters by calling a witness for the limited purpose of establishing factors that should be considered in the sentence.

---

1. See Manual for Courts–Martial, 1969 (Rev.), paragraph 28a(3).

■ Prior to sentencing, the trial counsel may present to the court or military judge the personnel records of the accused reflecting his past conduct or performance. These records include only those which are maintained by the base personnel officer in accordance with Air Force regulations or directives. Air Force Manual 111–1, Military Justice Guide, para. 5–13, IMC 79–1, 5 March 1979.[2] However, there is no authority to call witnesses to testify against the accused who pleaded guilty in the absence of evidence in mitigation and extenuation of the offenses of which he has been convicted or was otherwise relevant to the offenses charged. Here, the witness testified before the accused was even advised of his rights of allocution or permitted to offer evidence as to sentencing. This was error necessitating our corrective action.

■ We have examined the testimony of the witness and find that, for the most part, it largely paralleled the material already before the military judge in the form of the accused's performance reports. However, it went further in that the witness was allowed to testify as to the accused's potential for rehabilitation.[3] Since the sentence imposed approached the jurisdictional limits of the special court–martial, we will reassess the sentence.[4]

■ Reassessing the sentence on the basis of the error discussed above, we find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for 3 months, forfeiture of $200.00 per month for three months and reduction to airman basic.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

ARROWOOD and KASTL, Judges, concur.

---

**2.** Paragraph 75d, Manual for Courts–Martial, 1969 (Rev.), delegates to the Secretary concerned the authority to promulgate regulations in this area.

**3.** The staff judge advocate advised the supervisory authority to reassess the sentence but did not advise him that the testimony of the witness should be disregarded.

**4.** In light of the language quoted we cannot presume that the military judge exercised proper discretion in distinguishing between material and immaterial evidence. Cf. United States v. Montgomery, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970).