UNITED STATES, Appellee,

v.

Specialist Four Darrell C. DUPREE, SSN 237–02–6252, United States Army, Appellant.

CM 439719.

U. S. Army Court of Military Review.

19 Dec. 1980.

Colonel Edward S. Adamkewicz, Jr, JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Jerome E. Kelly, JAGC, and Captain Gary D. Gray, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Douglas P. Franklin, JAGC, and Captain Kenneth H. Clevenger, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, JJ.

## OPINION OF THE COURT

FULTON, Senior Judge:

In accordance with his negotiated plea of guilty, the appellant was convicted of five specifications of larceny in violation of Article 121 of the Uniform Code of Military Justice, 10 U.S.C. § 921 (1976), and five specifications of soliciting others, in violation of Article 134, Uniform Code of Military Justice, *supra*, to commit offenses. The approved sentence includes confinement at hard labor for nine months (now served), a bad-conduct discharge, reduction to the grade of Private E1, and forfeiture of all pay and allowances. The record is before us for review pursuant to Article 66, Uniform Code of Military Justice, *supra*.

Each of the four specifications alleging solicitation in violation of Article 134 alleges that the appellant "did, at Fort Benning, Georgia, on or about [a specified date], wrongfully solicit [a named soldier] to commit an offense under the Uniform Code of Military Justice, to wit: to possess marihuana." The appellant contends that these specifications do not allege an offense because the possession of marihuana is not alleged to have been unlawful and is, therefore, noncriminal.

This contention was made for the first time in the trial defense counsel's rebuttal to the staff judge advocate's post-trial review. The court agrees with and adopts the following analysis by the staff judge advocate in an addendum to his review:

[T]he allegations referred to by the defense counsel do contain the essence of

criminality which the defense argues is missing. The accused in each of the specifications referred to by the defense is charged with 'wrongfully soliciting ... to possess marihuana.' The fair import of this allegation is not that the act of solicitation was wrongful because the act solicited was lawful but that the solicitation was wrongful because the act solicited was wrongful. I would have to assume that the defense counsel desired the government to charge the accused with wrongfully soliciting the victim to wrongfully possess marihuana. This may clarify for the defense the theory the government was proceeding upon but, in my opinion, this does not add to the basic underlying criminal nature of the allegation now argued by the defense to be legally insufficient.

Allied Papers, Addendum to Post Trial Review, par. 3.

Similarly, appellate counsel for the Government argue as follows:

[A]ppellant asserts that *United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967), requires 'words of criminality' in order for a specification alleging possession of marihuana to state an offense. The Government agrees and contends that the instant specifications meet that test in at least two ways. Both the word 'wrongfully,' used before 'solicit,' and the language 'to commit an offense under the Uniform Code of Military Justice' satisfy *Brice, supra....*

Reply to the Assignment of Error at 4.

Another case relied upon by appellant is discussed by the Government in the following terms:

Appellant also contends that *United States v. Oakley*, 7 U.S.C.M.A. 733, 23 C.M.R. 197 (1957), supports his view. In *Oakley*, the accused was charged with wrongfully soliciting another to procure poison to be used to poison a third person and that the intended use of the poison was made known to the individual solicited to procure the poison. Oakley argued that the act solicited [which had not been alleged to be 'an offense under the Uni-

form Code of Military Justice,' as was alleged in this case] was not alleged to be wrongful and could have been innocently intended.... Reading the whole specification the Court of Military Appeals concluded that the criminal nature and intent of Oakley's solicitation was made clear. So in the absence of magic words such as wrongful or unlawful it is a question of whether the 'necessary facts [of criminality] appear in any form or by fair construction can be found' in the specification ... [citing *United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953)]. The Government respectfully submits that the instant specifications satisfy that test. As appellant notes, in attempting to distinguish *Oakley*, 'Oakley had solicited an act violating the UCMJ' (Appellant's Brief at 4). The specifications in question charged appellant with soliciting just such an act, one which violates the Code. Accordingly, appellant's assignment of error is without merit....

Id. at 4–5. *Cf. United States v. Torrey*, 10 M.J. 508 (A.F.C.M.R.1980).

We so hold. The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge FOREMAN concur.