UNITED STATES

v.

James NEAL, Jr., 266 21 1253, Sergeant (E–5), U. S. Marine Corps.

NMCM 81 0229.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 Aug. 1980.

Decided 16 Sept. 1981.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USN, Appellate Government Counsel.

Before BAUM, ABERNATHY and KERCHEVAL, II, JJ.

ABERNATHY, Judge:

Pursuant to a pretrial agreement, appellant pleaded guilty to, and was found guilty of, three specifications alleging the wrongful sale of marijuana (twice) and cocaine (once) at Camp Pendleton, California, on 1, 5 and 6 February 1980. The court-martial members sitting as a general court-martial returned a sentence of bad-conduct discharge and reduction to pay grade E–1. On 31 October 1980, the convening authority took the following action:

[T]he bad conduct discharge is mitigated to confinement at hard labor for one year and forfeiture of $50.00 per month for eight months.

Only so much of the sentence as mitigated as provides for confinement at hard

labor for one year, forfeiture of $50.00 per month for eight months and reduction to the grade of pay grade E–1 is approved and will be duly executed, but the execution of that portion thereof adjudging confinement at hard labor in excess of eight months is suspended until the execution [sic] of the accused's current active service, at which time, unless the suspension is sooner vacated, the suspended portion of the sentence will be remitted without further action.

On 23 January 1981, appellant filed with this Court a "Petition for Extraordinary Relief in the Nature of Mandamus and, in the Alternative, Habeas Corpus." The petition asked that the Court order specific performance of the pretrial agreement. On 13 February 1981, following issuance of a Show Cause order and receipt of pleadings, this Court granted that portion of appellant's petition which prayed for *habeas corpus* relief, directing his release from confinement forthwith pending completion of review of his case pursuant to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 866. On 19 February 1981, shortly after his release from confinement, appellant was administratively discharged from the Marine Corps with a general discharge by reason of misconduct.

Appellant has assigned the following errors before this Court:

## I

WHETHER, WHERE THE COURT–MARTIAL ADJUDGED NO CONFINEMENT OR FORFEITURE, PETITIONER IS BEING CONFINED AND SUBJECTED TO FORFEITURE OF PAY IN EXCESS OF THE AUTHORITY OF THE CONVENING AUTHORITY WHO ORDERED A COMMUTED SENTENCE TO CONFINEMENT AND FORFEITURE OF PAY EXECUTED IN THE FACE OF A PRETRIAL AGREEMENT PROVISION BINDING THE CONVENING AUTHORITY TO APPROVE NO PART OF A SENTENCE IN EXCESS OF THAT ADJUDGED BY THE COURT.

## II

WHETHER THE CONVENING AUTHORITY HAS THE POWER UNDER ARTICLE 71(c), U.C.M.J. [10 U.S.C. § 871(c)] TO ORDER EXECUTED A SENTENCE TO CONFINEMENT FOR ONE YEAR RESULTING FROM COMMUTATION OF A BAD CONDUCT DISCHARGE AND A REDUCTION IN GRADE ADJUDGED BY A GENERAL COURT–MARTIAL WHERE HE SUSPENDS ON PROBATION THE FINAL FOUR MONTHS OF THE COMMUTED SENTENCE TO ONE YEAR'S CONFINEMENT.

## III

IN VIEW OF THE APPARENT MISUNDERSTANDING BY THE ACCUSED AS TO THE SENTENCE WHICH COULD RESULT FROM TRIAL, WERE HIS GUILTY PLEAS IMPROVIDENT?

We find no merit in these assignments; we find it necessary to discuss only the first and third.

Pertinent sentencing provisions from the pretrial agreement offered by the accused on 4 August 1980 and accepted by the convening authority on the following day are:

That it is expressly understood that, for the purpose of this agreement, the sentence is considered to be in these parts, namely: the punitive discharge, period of confinement or restraint, amount of forfeiture of [sic] fine, and reduction in rate or grade;

That should the court adjudge a sentence which is less, or a part thereof is less, than that set forth and approved in the agreement, then the convening authority, according to law, will only approve the lesser sentence;

\* \* \* \* \* \*

*MAXIMUM SENTENCE TO BE APPROVED BY THE CONVENING AUTHORITY:*

1. PUNITIVE DISCHARGE: If adjudged, the convening authority will approve only a Bad Conduct Discharge.

2. CONFINEMENT OR RESTRAINT: If adjudged, confinement in excess of eight months will be suspended for one year from the date of trial.

3. FORFEITURES OR FINE: If adjudged, forfeitures in excess of $50.00 per month for eight months will be suspended for one year from date of trial. Any fine will be suspended for one year from date of trial.

4. REDUCTION: As adjudged.

■ The pretrial agreement stated that if any part of the sentence adjudged was less than that set forth in the agreement, then the convening authority would approve only the lesser sentence. The convening authority commuted the bad-conduct discharge to the less serious punishments of confinement at hard labor and forfeitures, partially suspended. The sentence as commuted and suspended was equally or less severe in its several parts than that provided in the pretrial agreement. It nonetheless contained punishments not adjudged at trial. The issue presented is whether the inclusion of those commuted and unadjudged punishments is prohibited.

We are not convinced that the "boilerplate" language from accused's pretrial agreement, quoted hereinbefore, concerning "parts", "part thereof", and "lesser sentence" does any more than restate the obvious. (Parenthetically, the same can be said for much of the language customarily, and probably unnecessarily, included in most pretrial agreements contained in records reviewed by this Court.) Stated differently, we are unconvinced that these words establish a sort of four-channel scheme vis-a-vis the sentence within which the convening authority must fashion his action.

By the same token, the words "if adjudged," used three times by appellant in the "Maximum Sentence to be Approved by the Convening Authority" section of the agreement might, when read in conjunction with the "parts" language, be construed as further evidence of an attempt to limit the reviewer's range of options. Appellate defense counsel, however, makes no such assertion; on the contrary, he candidly acknowledged during oral argument that he could find no reason to believe that either party to the original agreement ascribed any particular meaning to these words at the time it was negotiated.

■ Given the foregoing, we see no reason to depart from the proposition that a convening authority in a case in which there is a pretrial agreement, at least when the pretrial agreement does not provide to the contrary, can commute a sentence, and approve the sentence he commutes, so long as he does not thereby approve a sentence which, as a whole, exceeds either the sentence adjudged or that provided for in the agreement. *United States v. Brice*, 17 U.S. C.M.A. 336, 38 C.M.R. 134 (1967). This is in contrast to the facts pertaining in *Bernard v. Commander, Naval Surface Forces, U. S. Atlantic Fleet*, 9 M.J. 820 (N.C.M.R.1980).

■ Having found that the convening authority acted within his authority, we turn to the question whether appellant's pleas were improvident because of an apparent misunderstanding as to the sentence provided for by the pretrial agreement. As we have indicated, no assertion has been made that a misunderstanding resulted from the pretrial agreement language, "parts", "part thereof" and "lesser sentence", when read in conjunction with the words "if adjudged" nor do we find any such misunderstanding by the parties. This leaves for us the question whether the pleas were improvident because appellant did not foresee the possibility of commutation of the adjudged sentence by the convening authority. We think not, since in our view it is unimportant whether appellant understood, or had even heard of, the concept of commutation. The important factor is that he knew the sentence he had bargained to accept. The record convinces us that he did. Further, the sentence which he actually received was well within the terms of his understanding, since it did not include a punitive discharge.

Accordingly, the findings and sentence as approved below are affirmed.

As a separate matter it should be noted that in light of our determination this date that the convening authority's commutation action was lawful, this Court's Habeas Corpus Order of 13 February 1981 is deemed to have interrupted the running of the sentence to confinement and, if appellant had not been discharged from the Marine Corps, he could be ordered now to serve the remainder of the affirmed confinement.

Senior Judge BAUM and Judge KERCHEVAL concur.