**UNITED STATES, Appellee,**

v.

**Private (E–2) William R. SPARKS, Jr., SSN 549–08–8470, United States Army, Appellant.**

**SPCM 17653.**

U.S. Army Court of Military Review.

30 March 1983.

Colonel William G. Eckhardt, JAGC, Captain Warren G. Foote, JAGC, and Captain Alan D. Groesbeck, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of possession of lysergic acid diethylamide (LSD) in violation of a general regulation and possession of marijuana, contrary to Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $367.00 pay per month for six months and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The appellant contends that the convening authority approved a sentence in excess of the agreed limitation in the pretrial agreement. We find the assignment of error without merit.

In the pretrial agreement the convening authority agreed that he would not approve "a sentence in excess of confinement at hard labor for four (4) months, forfeiture of two-thirds pay per month for four (4) months, reduction to the grade of Private E–1 and a bad-conduct discharge." After the military judge announced his sentence he stated, "The convening authority is authorized to approve the sentence adjudged. Do you agree, Private Sparks?" The appellant and both counsel expressly indicated their agreement. The military judge then focused his comments more specifically on the forfeitures by saying, "I say that even knowing, though, that the forfeitures extend to six months. Do you realize that, Captain Long?" The defense counsel and the appellant indicated that they understood. In the post-trial review the staff judge advocate opined that the convening authority was permitted by the terms of the pretrial agreement to approve the sentence as adjudged. The defense counsel submitted no comments or rebuttal when the review was served on him in compliance with *United States v. Goode,* 1 M.J. 3 (C.M. A.1975).

The literal language of the pretrial agreement in this case can be construed in either of two ways: (1) imposing a limit on each divisible portion of the sentence, or (2) imposing a limit only on the overall severity of the sentence. Where there is no evidence that the parties intend-

ed to limit each divisible portion of the sentence, a pretrial agreement will be construed by appellate courts as imposing a limit only on the overall severity of the sentence. *See United States v. Brice,* 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967); *United States v. Monett,* 16 U.S.C.M.A. 179, 36 C.M.R. 335 (1966); *United States v. Neal,* 12 M.J. 522 (N.M.C.M.R.1981). In this case the answers of the trial counsel, defense counsel and appellant during the military judge's plea inquiry and the defense counsel's lack of objection to the staff judge advocate's post-trial review establish that the parties intended the agreement to limit only the overall severity of the sentence, not each divisible portion. *See United States v. House* (A.C.M.R. 29 March 1983).

Since the military judge adjudged two months less than the maximum period of confinement provided for in the pretrial agreement, the convening authority was permitted by the agreement to approve two more months of partial forfeitures than specified in the agreement, since such a sentence as a whole was less severe than the agreed maximum sentence. Accordingly, we hold that the convening authority complied with the pretrial agreement in this case.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.