UNITED STATES, Appellee,

v.

Specialist William H. DAVIS,
226–96–2574, United States
Army, Appellant.

ACMR 8902509.

U.S. Army Court of Military Review.

29 June 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, (argued), Captain Jeannine C. Hinman, JAGC (on brief).

For Appellee: Captain Clay E. Donnigan, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to appellant's pleas, the military judge found him guilty of desertion, absence without leave, larceny, and wrongfully opening and stealing another's mail, in violation of Uniform Code of Military Justice, arts. 85, 86, 121, and 134, 10 U.S.C. §§ 885, 886, 921, and 934 (1982) [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for sixteen months, forfeiture of all pay and allowances, and reduction to Private E1. Per a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement for sixteen months, forfeiture of $250.00 pay per month for thirty months, and reduction to the grade of Private E1.

The appellant personally asserted, and we specified the issue and heard oral argument on whether, the convening authority erred by approving partial forfeitures for longer than sixteen months, specifically here, thirty months.

The convening authority has the discretion to change "a punishment to one of a different nature as long as the severity of the punishment is not increased. The convening or higher authority may not increase the punishment imposed by a court-martial." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1107(d)(1) [hereinafter MCM, 1984, and R.C.M.]. The Manual's discussion of that rule provides pertinently: "[w]hen mitigating forfeitures, the duration and amounts of forfeiture may be changed as long as the total amount forfeited is not increased and neither the amount nor duration of the forfeitures exceeds the jurisdiction of the court-martial." *Id.*

Since *United States v. Brice,* 38 C.M.R. 134 (C.M.A.1967), we have applied a rule

that changing of punishments by the convening authority is permissible up to the overall severity of the sentence adjudged. *See United States v. Sparks,* 15 M.J. 895 (A.C.M.R.1983). Since the bad-conduct discharge, confinement for sixteen months, and reduction to Private E1 were all approved, the only questions remaining are whether the military judge's sentence to forfeitures can be read to run longer than sixteen months and, if so, is the approved sentence of partial forfeitures more severe than the total forfeitures adjudged; if not, should this sentence be affirmed.

The appellant argues that *United States v. Gonda,* 27 M.J. 636, 638 (A.C.M.R.1988), applies to partial as well as total forfeitures. There we held that a sentence of confinement for a specified duration and total forfeitures for an unspecified period must result in total forfeitures not exceeding the length of confinement. The rationale was that soldiers are not to serve on duty and receive less than one-third of their pay. That logic does not apply to partial forfeitures that do not exceed two-thirds pay. Indeed, the discussion for Rule for Courts–Martial 1107(d), set forth above, convinces us that we must look to the overall amounts to be forfeited, not the length of the forfeitures.

Next, convening authorities have broad discretion in assessing whether the sum of the sentence they propose to approve is more severe than that adjudged. *United States v. Christiansen,* 30 C.M.R. 393 (C.M.A.1961). Often comparisons are difficult. We recognize here that should the appellant be returned to duty he would be suspended from promotion while forfeitures ran for another fourteen months, but yet he would have benefited from far smaller forfeitures of pay than forfeiture of all pay and allowances during the potential sixteen months he would have served in confinement. *See* Army Reg. 600–8–2, Suspension of Favorable Personnel Actions, para. 1–12a(2) (30 Oct.1987) [hereinafter AR 600–8–2]. While the issue is one that weighs closely in the balance, we find that the convening authority did not abuse his discretion in approving the sentence he did. *See* R.C.M. 1107(d)(2).

Nevertheless, we do not think that sentence should be approved by us. The staff judge advocate's advice treated the matter in only a *pro forma* way and the effect would be as a practical matter to preclude a serious attempt at rehabilitation by the appellant, should he otherwise be redeemable to the Army. We are to approve only those sentences we find correct in law and fact. UCMJ art. 66(c), 10 U.S.C. § 866(c). Six months of such duty at the grade of Private E1, instead of two grades higher, Private First Class, would not be just. *See* AR 600–8–2, para. 1–12a(2). We urge those considering cases to approve realistic sentences.

The findings are affirmed. Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for sixteen months, reduction to the grade of Private E1, and forfeiture of $250.00 pay per month for twenty-two months.

Senior Judge KUCERA and Judge GIUNTINI * concur.

* Judge Charles H. Giuntini took final action on     this case prior to his retirement.