# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Codie J. TEVELEIN
### Fireman (E-3), U.S. Coast Guard

### CGCMS 24465
### Docket No. 002-69-13

### 6 September 2013

Special Court-Martial convened by Commanding Officer, USCGC POLAR SEA (WAGB 11). Tried at Seattle, Washington, on 22 March 2011.

| | |
|---|---|
| Military Judge: | CDR Amy E. Kovac, USCG |
| Trial Counsel: | LT Luke R. Petersen, USCG |
| Assistant Trial Counsel: | LT James P. Kaiser, USCGR |
| Military Defense Counsel: | LT Ross S. Ericson, JAGC, USN |
| Appellate Defense Counsel: | LCDR Ted R. Fowles, USCG |
| Appellate Government Counsel: | CDR Vasilios Tasikas, USCG |

## BEFORE
## McGUIRE, JOHNSON & DUIGNAN
Appellate Military Judges

JOHNSON, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of making false official statements in violation of Article 107, Uniform Code of Military Justice (UCMJ); one specification of wrongfully using a controlled substance on divers occasions and one specification of wrongfully distributing a controlled substance, both in violation of Article 112a, UCMJ; one specification of wrongfully and falsely altering a military identification card and one specification of using Spice[1] on divers occasions, both in violation of Article 134, UCMJ. The military judge sentenced Appellant to reduction to E-l, confinement for

---

[1] "Spice" is a mixture of herbs and spices that is typically sprayed with a synthetic compound chemically similar to THC, the psychoactive ingredient in marijuana. It is often marketed as incense or "fake weed." *See* http://www.justice.gov/dea/pr/multimedia-library/publications/drug_of_abuse.pdf#page=62 (last accessed 22 August 2013).

ninety days, and a bad-conduct discharge. The Convening Authority approved only so much of the sentence as provided for confinement for sixty days and reduction to E-l in accordance with the pretrial agreement.

Appellant submitted this case on its merits. The Government, however, invited our attention to Charge III, Specification 3, which reads:

> In that Fireman Codie J. Tevelein, U.S. Coast Guard, Coast Guard Cutter POLAR SEA (WAGB 11), on active duty, did, at or near Seattle, Washington, on divers occasions from on or about 23 February 2009 to on or about 21 October 2010, use Spice, which conduct was prejudicial to good order and discipline in the armed forces.

Conspicuously missing in this specification are any words of criminality, like "wrongfully," as was used in the Stipulation of Fact submitted into evidence by the Government at trial. Despite the absence of words of criminality, the Government contends that the specification is not defective. They argue the specification does not require the word "wrongfully" because the words in the specification "which conduct was prejudicial to good order and discipline in the armed forces" "are words importing criminality which make the specification legally sufficient." Government Br. at 7. Although Appellant's use of Spice occurred before its use was specifically prohibited through recent changes in the Manual for Courts-Martial, the Government also contends that Appellant was on notice that using Spice was criminal because his conduct was prejudicial to good order and discipline and contrary to the customs of the service. We address the sufficiency of the specification first.

At the time of the admitted Spice use, the U.S. Coast Guard had not promulgated a general order or regulation prohibiting the use of Spice, or synthetic cannabinoid compounds. The Coast Guard promulgated a General Order prohibiting the use of "certain non-controlled substances," ALCOAST 605/10 on 22 December 2010. In March 2011, the Drug Enforcement Administration (DEA) issued a final rule to temporarily place five synthetic cannabinoid compounds into Schedule I of the Controlled Substances Act (CSA),[2] based on the hazard to

---

[2] *See* 21 U.S.C. §§ 811, 812 (2011).

public safety.[3] The Food and Drug Administration Safety and Innovation Act[4] added synthetic cannabinoid compounds, common ingredients in products marketed as Spice, to Schedule I of the CSA in 2012. All of the conduct regarding the use of "Spice" in this case occurred before any of these measures were in effect. Apparently, this is why the Government chose to charge the use of Spice as conduct in violation of Article 134, UCMJ, rather than pursuing charges under alternative punitive articles.

A specification is sufficient if it "contains the elements of the offense intended to be charged." *United States v. Brice*, 17 U.S.C.M.A. 336, 36 C.M.R. 134, 137 (1967) (citing *United States v Marker*, 1 U.S.C.M.A. 393, 3 CMR 127 (1952); *Hagner v United States*, 285 U.S. 427, 52 S. Ct. 417 (1932)). "Basic to alleging and proving a punishable offense is the existence and identification of a wrongful act or acts that meet the requirements of either or both of the clauses [of Article 134]." *United States v. Hester*, 68 M.J. 618, 620 (C.G.Ct.Crim.App. 2010) (quoting *United States v. Henderson*, 32 M.J. 941, 947 (N.M.C.M.R. 1991)). A specification under Article 134 must include words of criminality to be legally sufficient. Rule for Courts-Martial (R.C.M.) 307(c)(3), Discussion (G)(ii), Manual for Courts-Martial, United States (2008 ed.); *United States v. Vaughan*, 58 M.J. 29, 35 (C.A.A.F. 2003); *see also United States v. Daly*, 69 M.J. 549, 552 (C.G.Ct.Crim.App. 2010) ("It is certainly true that a word of criminality such as 'wrongfully' is essential to an adequate specification."), *rev'd on other grounds*, 69 M.J. 485 (C.A.A.F. 2011); *Hester*, 68 M.J. at 621 n.4.

Because this specification was not challenged at trial, we view it with greater tolerance. *United States v Watkins*, 21 M.J. 208, 209 (C.M.A 1986). But we are unconvinced by the Government's argument that the words "conduct prejudicial to good order and discipline," without additional context, import criminality. When an act, such as using Spice, is not in and of itself an offense, it is presumed to be lawful. *See Brice*, 38 C.M.R. at 138. Inclusion of the words "conduct prejudicial to good order and discipline" in the specification does not, without additional facts, make use of Spice criminal and punishable under Article 134. *See United States*

---

[3] *See* Schedules of Controlled Substances: Temporary Placement of Five Synthetic Cannabinoids Into Schedule I, 76 Fed. Reg. 11075 (2011); (*codified at* 21 C.F.R. pt. 1308.11).

[4] *See* Synthetic Drug Abuse Prevention Act of 2012, Pub. L. No. 112-144 (S.3187), Tit. XI, Sub. Tit. D, § 1152, 126 Stat. 993, 1130-1131 (July 9, 2012); *codified at* 21 U.S.C. § 812(d).

*v. Hughey*, __ M.J. ___ (C.G.Ct.Crim.App. 2013). "For example, dating a crewmate's recently estranged spouse could be prejudicial to good order and discipline, but is not necessarily criminal." *Hughey*, slip op. at 5. Failure to include words of criminality renders an Article 134 specification fatal, and thus the specification lacking those words of criminality regarding the use of Spice is defective. *See id*. at 7-9.

In light of our holding that the specification is defective, we need not address the Government's other argument. Relying on our plenary authority under Article 66, UCMJ, we set aside the finding of guilty of Specification 3 of Charge III. We recognize that we may affirm only so much of the sentence as we believe the military judge would have adjudged in the absence of the finding we are setting aside. *United States v Sales*, 22 M.J. 305, 307 (C.M.A. 1986). If we are unable to determine what the sentence would have been, we must order a rehearing on the sentence. *Id.* Appellant remains convicted of making a false official statement, wrongfully using a controlled substance, wrongfully distributing a controlled substance, and falsely altering a military identification card. We are certain that even without Charge III, Specification 3, the military judge would have adjudged a sentence not less than what was capped by the pretrial agreement and approved by the Convening Authority, which was a sentence of confinement of 60 days and reduction in rank to E-1.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings on Charge III and its Specification 3 are set aside and dismissed. The remaining findings of guilty are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, those findings of guilty are affirmed. The approved sentence of confinement for sixty days and reduction to E-1 is affirmed.

Judges MCGUIRE and DUIGNAN concur.



For the Court,

Hanna LeBlond
Acting Clerk of the Court