UNITED STATES, Appellant

v

GERALD W. MONETT, Sergeant First Class,
U. S. Army, Appellee

16 USCMA 179, 36 CMR 335

No. 19,128

April 1, 1966

Captain *Anthony L. Tersigni* argued the cause for Appellant, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

*John C. Smuck, Esquire,* and *Captain Peter A. Anderson* argued the cause for Appellee, Accused.

## Opinion of the Court

QUINN, Chief Judge:

Under Articles 67(b)(2) and 69, Uniform Code of Military Justice, 10 USC §§ 867 and 869, respectively, The Judge Advocate General of the Army forwarded the record of trial to this

Court for consideration of the following issue:

> Was the board of review correct in finding the approved sentence incorrect in law and setting it aside?

Appellate defense counsel moved to dismiss the certificate for review, on the ground that, as applied to this case, the Article 69 provision, which confers the right upon The Judge Advocate General to forward a record of trial for review, discriminates against the accused and denies him equal protection of the law. See Cochran v Kansas, 316 US 255, 86 L ed 1453, 62 S Ct 1068 (1942).

Article 66 of the Code, supra, 10 USC § 866, provides that every court-martial of an enlisted person resulting in a sentence which, as approved by the convening authority, includes a punitive discharge or confinement for one year or more shall be reviewed by a board of review. In other words, the review of a conviction of this kind by a board of review is automatic. Review by a board of review is not automatic when the sentence as approved by the convening authority includes neither a punitive discharge nor confinement for one year or more. Instead, a general court-martial case involving a lesser penalty is forwarded to The Judge Advocate General for examination. Article 69 provides that if on the examination, "any part of the findings or sentence is found unsupported in law" or if The Judge Advocate General directs, "the record shall be reviewed by a board of review." That review is final, unless The Judge Advocate General forwards the record of trial for further review by this Court on specified issues in accordance with Article 67(b)(2). Such issues are restricted to "matters of law." Article 67(d), Code, supra.

The accused contends that the Uniform Code of Military Justice gives the prosecution the right to appeal to this Court in a case such as his, but denies it to him, and that the discrimination is invidious and invalid. For purposes of this appeal, we may put aside the question whether certification of an issue by The Judge Advocate General is equivalent to an appeal by the United States, as a party. See United States v Zimmerman, 2 USCMA 12, 6 CMR 12.[1] A difference in classification is justified by a difference in circumstance; and the distinction is constitutionally valid if it has "relevance to the purpose for which the classification is made." Baxstrom v Herold, 383 US 107, 15 L ed 2d 620, 86 S Ct 760 (1966).

As originally passed by the House of Representatives, Article 69 of the Uniform Code did not authorize certification of issues by The Judge Advocate General in a case which was not otherwise within the appellate jurisdiction of this Court. However, the United States Senate added the provision to the bill passed by it, and the provision was eventually enacted into law. The Senate Report indicates that the reason for inclusion of the certification provision was that "even minor cases may involve major differences of interpretation" of the

---

[1] The Uniform Code of Military Justice confers upon The Judge Advocate General independent judicial or quasi-judicial responsibilities which are so substantially separated from the mainstream of prosecution that it is at least arguable that his office stands entirely apart from either party to the case. See Articles 61, 66(f), and 69, Code, supra, 10 USC §§ 861, 866, and 869, respectively. The Uniform Code provides that the United States shall be represented by trial counsel at the trial level and by appellate Government counsel at the appellate level. Articles 38 and 70(b), Code, supra, §§ 838 and 870, respectively. Considering these factors, The Judge Advocate General's authority to certify issues of law for review by this Court is not unlike the authority of the Courts of Appeals to certify issues to the United States Supreme Court. It is also apparent from our records that, in certifying issues, The Judge Advocate General has acted not only in cases in which the decision of the board of review has been favorable to the accused, but also when the decision has been adverse to him.

law. Senate Report No. 486, 81st Congress, 1st Session, page 30. It also appears that Article 69 was based on former Article of War 50(f), 10 USC (1946 ed) § 1521. That Article of War authorized The Judge Advocate General to refer to the board of review cases which were not independently eligible for review. The then organic act of the board of review provided that if The Judge Advocate General did not concur in the board of review's determination of the law applicable to a case reviewed by it, he could refer the case to the Judicial Council for further review. These circumstances plainly indicate that Congress provided the certification process as a means of achieving certainty in, and uniformity of, interpretation of the Uniform Code in each armed force, as well as for all the armed forces. Such a purpose justifies differentiating between The Judge Advocate General of an armed force and the individual accused and is directly relevant to the right to present minor cases for review by this Court. Baxstrom v Herold, supra. We conclude, therefore, that the Article 69 provision for certification by The Judge Advocate General is a constitutional exercise of Congressional discretion to provide for further appellate review of minor prosecutions. United States v Gallagher, 15 USCMA 391, 35 CMR 363. The motion to dismiss the certificate is denied.

Turning to the certified issue, it appears that originally the accused was charged with voluntary manslaughter and leaving the scene of an accident, in violation of Articles 119 and 134, Code, supra, 10 USC §§ 919 and 934, respectively. The Article 32 investigating officer recommended that the Article 119 offense be reduced to involuntary manslaughter. The recommendation was approved, and redrafted charges were referred to trial before a general court-martial on March 27, 1965. Before the case came up for trial, the accused filed a formal request to plead guilty, provided the convening authority would reduce the charge of involuntary manslaughter to negligent homicide, and would *"not approve a sentence in excess of: Bad Conduct Discharge and Confinement at Hard Labor for one year."* (Emphasis supplied.) The request was approved, and this second redraft of the charges was referred to a different general court-martial.

At trial, the accused entered a plea of guilty to negligent homicide and leaving the scene of an accident, both alleged as violations of Article 134. He was found guilty as charged. After hearing substantial evidence in mitigation, the court-martial sentenced the accused to forfeiture of $50.00 per month for eighteen months and reduction to the grade of E-3. In the post-trial advice to the convening authority, the staff judge advocate recommended reduction of the period of forfeiture from eighteen months to one year, to be "consistent with the pretrial agreement."

When the case came before the board of review, appellate defense counsel contended that since the agreement was silent as to forfeiture and reduction, the convening authority could not approve either of those punishments. In opposition, the Government submitted an affidavit by the staff judge advocate as to the circumstances surrounding the acceptance of the accused's request to enter a plea of guilty. In it, the staff judge advocate averred that previous to the submission of the accused's formal request, defense counsel conferred with him about the charges and the sentence. He maintained that the omission of forfeiture and reduction as part of the punishment was "purely inadvertent." A majority of the board of review, however, adopted the accused's contention. They determined that the agreement was unambiguous, and concluded the convening authority could not alter its terms by approving a sentence containing punishments unmentioned therein. Cf. United States v Hamill, 8 USCMA 464, 24 CMR 274. They set aside the entire sentence approved by him.

As we interpret the agreement, the board of review misconstrued its import. It did not provide that the convening authority would not approve a sentence that included forfeiture and reduction. The limitation was that the sentence approved by the convening authority would not *exceed* a bad-conduct discharge and confinement at hard labor for one year. In other words, the convening authority agreed that after he acted on the sentence adjudged by the court-martial, the accused would not be subject to any punishment more onerous than a bad-conduct discharge and confinement at hard labor for one year. As Colonel Edwin W. Baron, the dissenting member of the board of review, phrased it, the question was whether "a forfeiture of $50 per month for one year and a reduction to the pay grade E-3 [is] a lesser punishment than a bad conduct discharge and confinement at hard labor for one year?" To answer the question, Colonel Baron considered it fruitful to compare the two punishments in light of the decisions of this Court dealing with the substitution of punishments by either a convening authority or by the court-martial on a rehearing to determine whether the substituted penalties were, as required by law, less severe than those originally imposed. See Articles 62, 63, and 64, Code, supra, 10 USC §§ 862, 863, and 864, respectively.

A punitive discharge terminates military status with dreadful finality; it ends the accused's right to receive all pay and allowances and it wipes out his military rank and the perquisites thereof. United States v Prow, 13 USCMA 63, 32 CMR 63. By operation of law, confinement at hard labor for any period results in reduction in grade to the lowest enlisted rank, unless otherwise provided by service regulations. Article 58a, Code, supra, 10 USC § 858a. Manifestly, a sentence extending to a bad-conduct discharge and confinement at hard labor for one year is a substantial punishment. In our opinion, it is definitely more severe than the sentence approved by the convening authority.

Indisputably, a partial forfeiture is less severe punishment than a bad-conduct discharge, which entails loss of all pay and allowances. In fact, in United States v Christensen, 12 USCMA 393, 30 CMR 393, we held that a partial forfeiture for a stated period was less severe than suspension of rank for the same period. It is equally obvious that reduction from E-7 to E-3 is less severe a penalty than the termination of all rank, which is the necessary effect of a punitive discharge. United States v Fredenburg, 12 USCMA 646, 31 CMR 232. Except perhaps for the period of the forfeiture, the penalties adjudged by the court-martial were manifestly less severe than those set out in the accused's agreement. The agreement sanctioned confinement at hard labor for one year. Whether this provision limited the maximum period that any lesser penalty could remain in effect need not detain us. The convening authority, in fact, reduced the period of forfeiture to one year, which, as the staff judge advocate indicated, was "consistent" with the agreement. In all aspects, therefore, the sentence approved by the convening authority did not exceed the limits of punishments defined in the accused's request to plead guilty.

The certified question is answered in the negative. The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General for resubmission to the board of review for further proceedings consistent with this opinion.

Judges FERGUSON and KILDAY concur.