UNITED STATES, Appellee

v

JOSEPH R. LEAMAN, Private, U. S. Marine Corps, Appellant

16 USCMA 189, 36 CMR 345

No. 19,161

April 8, 1966

*Captain L. G. Bohlen,* USMC, argued the cause for Appellant, Accused. *Commander Walter F. Brown,* USN, was on the pleadings for Appellant, Accused.

*Colonel J. E. Hanthorn,* USMC, argued the cause for Appellee, United States. *Lieutenant Jean E. Van Slate,* USNR, was on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Tried before a general court-martial convened by the Commanding Officer, Third Marine Division, the accused was convicted of absence without leave and escape from confinement, in violation, respectively, of Uniform Code of Military Justice, Articles 86 and 95, 10 USC §§ 886, 895. He was sentenced to bad-conduct discharge, forfeiture of $70.00 per month for twelve months, and confinement at hard labor for twelve months. The convening authority approved the sentence. The board of review, however, affirmed a punishment of bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for six months. We granted review on the issues whether the court-martial which tried the accused was duly constituted, in that it was appointed by Colonel Andrew I. Lyman, purporting to act as Com-

manding Officer, Third Marine Division, and whether the board of review erred in affirming a sentence which included forfeitures in excess of those adjudged and approved below.

The question regarding the constitution of the general court-martial which tried accused is re- solved by our decision in United States v Kugima, 16 USCMA 183, 36 CMR 339, this day decided. As to the approval of excessive forfeitures, the United States concedes error and declares "the Board of Review unintentionally approved a sentence greater than that awarded the accused by the court-martial and approved by the convening authority." Our examination of the board's opinion indicates the Government is entirely correct. The matter was purely inadvertent and no question of commutation was involved. Cf. United States v Monett,

190

16 USCMA 179, 36 CMR 335. The Government prays the case be remanded to the board for correction of this defect. We so order.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board may appropriately take action to reduce to legal limits the sentence which it previously affirmed.

Chief Judge Quinn and Judge Kilday concur.