UNITED STATES, Appellee,

v.

Sergeant Fritz P. SCHOEMAKER, SSN 315–70–7792, United States Army, Appellant.

CM 440152.

U. S. Army Court of Military Review.

29 July 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC Lieutenant Colonel John F. Lymburner, JAGC, Major Robert C. Rhodes, JAGC, and Captain David M. England, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Douglas P. Franklin, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Pursuant to his pleas, the appellant was found guilty of possession of 200 grams of

hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976), and carrying a concealed knife with a blade more than three inches in length, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for eight months, reduction to Private E–1, and a fine of $500.00. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for seven months, reduction to Private E–1 and a fine of $500.00. The case is before this court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

■ The appellant contends that he was denied his right to a speedy trial. We find his contention without merit. Since the appellant did not object at the time of his trial, he is precluded from raising the issue on appeal, in the absence of evidence indicating a denial of due process or manifest injustice. *United States v. Sloan,* 22 U.S.C. M.A. 587, 48 C.M.R. 211 (1974).

The appellant also contends that the convening authority failed to comply with the terms of the pretrial agreement by approving a sentence imposing a $500.00 fine. However, for the reasons stated below, we are satisfied that the convening authority's approval of a fine was permissible within the terms of the pretrial agreement.

■ The appellant contends that a fine may not be approved because a fine is a more severe punishment than forfeiture of all pay and allowances. However, the Court of Military Appeals has held that a fine in an amount equal to or less than the allowable forfeitures is not necessarily more severe than the allowable forfeitures. *See United States v. Brown,* 1 M.J. 465, 466 (C.M.A.1976). In this case, total forfeitures for seven months, permissible under the terms of the pretrial agreement, would have deprived the appellant of a far greater dollar amount than a $500.00 fine. Accordingly, we conclude that the $500.00 fine was less severe than total forfeitures for seven months.

The fact that the appellant was being held past his separation date and would not be entitled to any pay while in confinement does not change our opinion. *See* Department of Defense Military Pay and Allowances Entitlements Manual, paragraph 10316(b)(2) (as amended by Change 42, 19 March 1976). The Court of Military Appeals has repeatedly pointed out that administrative consequences of court-martial sentences should not be considered in reviewing the legality of sentences. Commenting on a statutory provision that enlisted persons in confinement while under sentence of a dishonorable discharge which is suspended do not accrue pay and allowances, Judge Latimer distinguished between the statute establishing the military justice system and statutes directed at fiscal agents in order to control expenditures:

"[A]ll we need say is that the authority of a fiscal agent of the Federal Government acting under a separate law to pay or not pay the accused is a matter which cannot be tossed into military law to befuddle sentences authorized by the Code."

*United States v. Cleckley,* 8 U.S.C.M.A. 83, 85, 23 C.M.R. 307, 309 (1957). *See United States v. Quesinberry,* 12 U.S.C.M.A. 609, 612, 31 C.M.R. 195, 198 (1962); *cf. United States v. Kuskie,* 11 M.J. 253, 255 (C.M.A. 1981) (court refused to consider "collateral administrative ramifications" of setting aside conviction of deceased appellant); *United States v. Turner,* 14 U.S.C.M.A. 435, 438, 34 C.M.R. 215, 218 (1964) (detailed instructions regarding consequences of bad-conduct discharge not required); *United States v. Givens,* 11 M.J. 694 (N.M.C.M.R. 1981) (trial judge correctly refused to expand instruction on effects of bad-conduct discharge); *United States v. Pajak,* 11 U.S. C.M.A. 686, 29 C.M.R. 502 (1960) (guilty plea not improvident because of misunderstanding regarding effect on retired pay).

We conclude that we should not consider the effect of collateral administrative determinations, which may or may not be made regarding the appellant's entitlement to pay and allowances, in deciding whether a fine was properly approved by the convening authority in this case.

852

■ The appellant also argues that approval of the fine is improper because the pretrial agreement fails to address the possibility that a fine might be adjudged. We disagree. By agreeing that the approved sentence in this case would not exceed a dishonorable discharge, confinement at hard labor for seven months, reduction to Private E–1, and total forfeitures for seven months, the convening authority agreed only that he would not approve a sentence more onerous than the agreed sentence. *See United States v. Monett*, 16 U.S.C.M.A. 179, 182, 36 C.M.R. 335, 338 (1966). Unless the agreement specifically states, it does not preclude the convening authority from approving types of punishments not specifically mentioned. The convening authority's action is valid so long as the approved sentence, considered as a whole, is not more severe than that agreed upon. *United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967). Accordingly, we conclude that the convening authority in this case was not precluded by the terms of the pretrial agreement from approving a fine.

■ Having concluded that the convening authority did not exceed the terms of the pretrial agreement, we turn next to the question whether the appellant's failure to consider the possibility of a fine being adjudged renders his plea improvident. It is apparent that the appellant did not consider the possibility of a fine when the pretrial agreement was negotiated or when the pleas of guilty were entered. However, he persisted in his plea after being advised by the military judge that the pretrial agreement permitted the convening authority to approve the $500.00 fine.* We are satisfied that the pleas of guilty were provident. *Cf. United States v. Frangoules*, 1 M.J. 467 (C.M.A.1976) (guilty plea not rendered improvident because of erroneous advice regarding maximum imposable punishment where accused stated that he desired to

plead guilty whether the maximum confinement was eight years or two years).

■ We note that the military judge erroneously computed the maximum confinement in this case to be seven years instead of six. The error occurred because the military judge erroneously determined the maximum imposable confinement for the illegal possession of the knife to be two years, for violation of a general regulation in violation of Article 92, Uniform Code of Military Justice, instead of one year, for carrying a concealed weapon in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 127*c*, footnote 5; *United States v. Lowe*, 4 U.S.C.M.A. 654, 16 C.M.R. 228 (1954); *United States v. Welch*, 40 C.M.R. 638 (ABR), *affirmed*, 19 U.S.C. M.A. 134, 41 C.M.R. 134 (1969). In view of the lenient sentence adjudged, we are satisfied that the appellant was not prejudiced by this error.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.

---

* The only ambiguity in the military judge's explanation of the sentence limitation dealt with the possibility of a fine in excess of the total amount of the forfeitures provided for in the agreement, a situation not applicable to the sentence actually adjudged.