**UNITED STATES**

v.

**Stephen D. OENNING, 337 54 0319, Aviation Anti-Submarine Warfare Specialist Airman (E-3), U.S. Navy.**

**No. NMCM 85 1242.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 Jan. 1985.

Decided 22 July 1985.

CDR James R. Cooper, JAGC, USNR–R, Appellate Defense Counsel.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT LANCE C. CANTOR, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and COUGHLIN and CASSEL, JJ.

GLADIS, Senior Judge:

Pursuant to his pleas at a special court-martial bench trial the accused was convicted of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a and sentenced to a bad conduct discharge, confinement at hard labor for 60 days, and reduction to pay grade E–1. The convening authority approved the sentence, but probationally suspended confinement in excess of 45 days.

The accused contends that the military judge erred in admitting evidence of a stale prior nonjudicial punishment in rebuttal to an enlistment performance evaluation introduced by the defense in mitigation. We disagree and affirm.

Among other evidence in mitigation, the defense introduced an enlisted performance evaluation for the period from 14 June to 27 October 1981, on which the accused received a mark in military behavior indicating that he willingly followed commands and regulations. The military judge permitted the prosecution to introduce in rebuttal, over defense objection, evidence of a prior nonjudicial punishment for possession of marijuana. This offense occurred on 18 July 1981 and the punishment was imposed on 12 August 1981. The offense of which the accused was convicted at this trial occurred on 24 October 1984.

R.C.M. 1001(b)(2) permits the prosecution to introduce, under the regulations of the Secretary concerned, evidence of any disciplinary actions including punishments under Article 15, 10 U.S.C. § 815. The applicable secretarial regulation, JAGMAN sec. 0133, prohibits the introduction under R.C.M. 1001(b)(2) of records of nonjudicial punishment for offenses committed more than 2 years prior to the commission of any offense of which the accused stands convicted.

R.C.M. 1001(d) permits the prosecution to rebut matters presented by the defense.

In *United States v. Strong*, 17 M.J. 263 (C.M.A.1984), the Court of Military Appeals held that where the defense introduced evidence in mitigation giving rise to an inference that the accused had an outstanding military character, the military judge could in his discretion permit the prosecution to cross-examine the accused, who testified, about a prior nonjudicial punishment which was inadmissible under *Manual for Courts-Martial, 1969 (Rev.)*, paragraph 75(b)(2), the precursor of R.C.M. 1001(b)(2). The court noted the substantial difference between the sort of evidence which may be introduced under paragraph 75(b)(2) and that which may be used as proper rebuttal under paragraph 75(d), the precursor of R.C.M. 1001(d), and observed that to require that the trial counsel sit quietly by while the accused creates an incomplete picture of the character of his prior service does not comport with the purpose of paragraph 75 to present a complete and accurate picture of the accused's conduct and performance. Analysis of the precedents cited and principles enunciated in *Strong* reveals that the Court did not limit its holding to cross-examination of an accused who testifies. *See United States v. Shields*, 20 M.J. 174 (C.M.A.1985). When the defense opens the door by introducing evidence in mitigation which reasonably gives rise to certain inferences, the military judge may permit the prosecution to introduce under R.C.M. 1001(d) evidence which would not have been admissible under R.C.M. 1001(b)(2), to rebut those inferences.

In this case the performance evaluation introduced by the defense gave rise to a

reasonable inference that the accused had not received nonjudicial punishment during the period of the evaluation and opened the door to the introduction of evidence of the prior nonjudicial punishment during this period. Therefore, we conclude that the military judge did not abuse his discretion when he received this evidence.

The findings of guilty and sentence as approved on review below are affirmed.

Judge COUGHLIN concurs.

CASSEL, Judge (concurring in the result):

I concur with the majority. *United States v. Shields,* 20 M.J. 174 (C.M.A.1985), extended the logic of *United States v. Strong,* 17 M.J. 263 (C.M.A.1984), further than I would have done. I would have limited *Strong* to the cross-examination of a witness and not extended it to documentary evidence prepared in accordance with departmental directives.