## UNITED STATES

### v.

**Sergeant Timothy M. GERDES, FR 527–63–5876 UNITED STATES AIR FORCE.**

### ACM S27896.

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1988.

Decided 28 Oct. 1988.

Appellate Counsel for the Appellant: Lieutenant Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

### DECISION

**PER CURIAM:**

In Specification 4 of the Charge, appellant was charged with stealing two

"shi-shi" lion statues of a value of $40.00. Prior to the arraignment at trial, the assistant trial counsel amended the specification so it alleged a larceny of but one statue worth $40.00. Appellant invites our attention to a failure in the Staff Judge Advocate's Recommendation in the case to inform the convening authority of this pre-arraignment amendment to Specification 4 of the Charge. As a result, the convening authority was advised in the recommendation that appellant had been convicted of that larceny as originally alleged. We are now asked to set aside the action of the convening authority and return the record of trial to The Judge Advocate General for remand to the convening authority for a new recommendation and action.

This error may be resolved administratively by the issuance of a corrected copy of the initial special court-martial order promulgating the results of trial to reflect the theft of one statue and not two. A separate action to accomplish this end has been initiated and remedial action on the part of this Court is not required. The appellant has not been prejudiced by this administrative oversight in the preparation of the Staff Judge Advocate's Recommendation.

Another error, although not assigned, does require our remedial action. The sentence in this case was adjudged on 24 June 1988, and extends to a bad conduct discharge, confinement for one month, a fine of $1929.00, and a reduction to the lowest enlisted grade. The sentence, as announced in the initial promulgating order, contains a proviso that "If the fine is not paid within the one month confinement period, he will be confined until the fine is paid, but not for more than three months in addition to the one month adjudged." The convening authority approved the sentence as adjudged on 1 August 1988.[1]

Pursuant to Article 57(b), UCMJ, 10 U.S.C. § 857(b), the period of confinement included in appellant's sentence began to

---

1. On 29 August 1988, the convening authority published a supplementary promulgating order remitting the unexecuted portion of confinement remaining after 1 September 1988, and the fine in excess of $417.00.

run on 24 June 1988, the date the sentence was adjudged.[2] Pursuant to Article 57(c), appellant's sentence to a fine was effective on 1 August 1988, the date the convening authority ordered the fine executed in his initial action in the case. According to Article 57, the appellant was not under any legal obligation to satisfy the sentence pertaining to a fine during the one month period of confinement which was adjudged and completed prior to the effective date of the sentence to a fine.[3] Under the circumstances presented here, we find that the convening authority erred to the substantial prejudice of the appellant when he approved that part of the sentence providing for further confinement in the event the adjudged fine was not paid within the period specified. Appellant should have been released from confinement at the time he completed service of the one month period of confinement adjudged.

■ Accordingly, the findings of guilty and only so much of the sentence as provides for a bad conduct discharge, confinement for one month, and a reduction to the grade of airman basic, are

AFFIRMED.[4]

---

2. The maximum and minimum release dates regarding appellant's sentence to confinement for one month were 23 July and 18 July, 1988, respectively. *See* Air Force Regulation 125–30, *Military Sentence to Confinement,* paragraph 13a (6 November 1964).

3. It is apparent that the military judge did not consider the differing effective dates of sentences established in Article 57(b) and (c), UCMJ, and the usual time delay between the date of a sentence adjudication and the date of the initial action of the convening authority on a sentence when he adjudged the sentence in this case.

4. Since appellant served a term of confinement of more than the one month adjudged because the adjudged fine had not been paid by him during the period when no obligation existed for him to pay it, fundamental fairness requires that we do not affirm that portion of the sentence pertaining to the fine.