UNITED STATES

v.

**Airman First Class Curtis H. DARBY, FR 248–13–5798, United States Air Force.**

**ACM 27065.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 April 1988.

Decided 1 Dec. 1988.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Jeffrey H. Curtis.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

BLOMMERS, Judge:

In accordance with his pleas, the appellant stands convicted of violating a general regulation, larceny, and unauthorized sale

of military property. Electing trial by members, he was sentenced to a bad conduct discharge, three years confinement, total forfeitures, and reduction to airman basic (E–1). He asserts three errors, one of which warrants discussion.

In his Recommendations to the convening authority (R.C.M. 1106), the Staff Judge Advocate advised that total forfeitures could be adjudged only for the period of time the appellant is imprisoned, citing *United States v. Warner*, 25 M.J. 64 (C.M.A.1987). Accordingly, he recommended that that portion of the sentence relating to forfeitures be modified to limit the application of total forfeitures to the period of confinement (three years), and that thereafter only a two-thirds forfeiture of pay be approved "until the discharge is executed." The action taken by the convening authority is as follows:

> In the case of AIRMAN FIRST CLASS CURTIS H. DARBY, . . . only so much of the sentence as provides for a bad-conduct discharge, confinement for three years, reduction to E–1, total forfeitures of all pay and allowances for three years, and thereafter, forfeiture of two-thirds pay as E–1 per month is approved and, except for the part of the sentence extending to bad-conduct discharge, will be executed.

Appellate defense counsel argue that the holding in *Warner* does not apply in this case since both total forfeitures and confinement were adjudged. In *Warner* the accused was sentenced to a punitive discharge, but not confinement. The Court held that a sentence which imposed total forfeitures should not be approved when confinement has not been adjudged. The rationale underlying the Court's holding is that a servicemember should not face the possibility of being returned to duty in a no-pay status. Having to do so might constitute "cruel or unusual punishment." Article 55, UCMJ, 10 U.S.C. § 855.

Counsel also contends that limiting total forfeitures to three years could actually increase the severity of the punishment, considering the application of good time credit against the sentence and the possibil-

ity of parole. *See generally* Air Force Regulations 125–23, *Parole of Air Force Prisoners from Disciplinary Barracks* (17 November 1976) and 125–30, *Military Sentences to Confinement* (6 November 1964). We decline to address that aspect of the problem. *See United States v. Murphy*, 26 M.J. 454 (C.M.A.1988); *United States v. Quesinberry*, 12 U.S.C.M.A. 609, 31 C.M.R. 195 (1962); *United States v. Shoemaker*, 11 M.J. 849, 851 (A.C.M.R.1981). These benefits are administrative in nature, and their application to the term of confinement actually to be served is speculative. Early release on parole is by no means guaranteed, and good time credit will most likely be forfeited should a prisoner commit further offenses or breaches of the rules of the confinement facility while serving the sentence.

■ We do note, however, that under the provisions of Article 57, UCMJ, the period of total forfeitures as approved by the convening authority will extend past the appellant's term of confinement, even if he serves to his maximum release date. Pursuant to Article 57(b), 10 U.S.C. § 857(b) the period of confinement began to run on 8 April 1988, the date the sentence was adjudged (the record contains no indication of any deferment—*see* R.C.M. 1101(c)). Pursuant to Article 57(a) and (c), the appellant's sentence to total forfeitures was effective on 17 August 1988, the date the convening authority ordered the forfeitures into execution in his initial action in this case. Thus, the appellant was under no legal obligation to satisfy the sentence pertaining to forfeitures during the over four month period between the date of sentence and the date of the convening authority's action. *Cf. United States v. Gerdes*, 27 M.J. 587 (A.F.C.M.R.1988). Although in *Gerdes* our Court was dealing with the application of a fine, the same rules apply.

■ The only guidance bearing on this matter contained in the 1984 Manual for Courts–Martial is in the Discussion section under R.C.M. 1107(d)(2), which deals with the convening authority's determination of what sentence should be approved. It provides in pertinent part: "When an accused

is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial and other stoppages or involuntary deductions, unless requested by the accused." This language parallels that previously set forth in paragraph 88 b, MCM, 1969 (Rev.). However, the Air Force, by regulation, has gone further, and put this matter to rest. Paragraph 9–6a of Air Force Regulation 111–1, *Military Justice Guide* (1 August 1984), provides:

A sentence to total forfeitures is not enforceable while a member is in a duty status. Therefore, reversion or restoration to a duty status returns the accused to pay status, even though no action may have been taken to defer, suspend, or remit the sentence to total forfeitures.

Even if the appellant were to be returned to a duty status upon completion of his sentence to confinement, the application of total forfeitures will terminate upon his release date. Thus, he will suffer no prejudice as a result of the convening authority's action limiting the total forfeitures adjudged to a period of three years.[1] *See United States v. Kelsey,* 14 M.J. 545, 547 (A.C.M.R.1982).

 The convening authority's action extending forfeitures at a two-thirds rate per month after the three year point, however, is a horse of a different color.[2] We do not read *Warner* as specifically authorizing such an extension. In fact, the Court in a footnote queried:

It is unclear whether the phrase about 'an accused who is not serving confinement' [a reference to the language in paragraph 88b of the 1969 Manual]—and parallel language in the Discussion of R.C.M. 1107(d)(2) [which was quoted

above]—refers only to someone who has *never* been sentenced to confinement, or instead, also includes an accused who has been sentenced to confinement but has completed that portion of his sentence. *United States v. Warner,* 25 M.J. at 66, fn. 2. Nonetheless, the Court's action could be interpreted as some authority for the recommendation made by the Staff Judge Advocate in this case. In *Warner,* the Court amended that portion of the sentence providing for total forfeitures to "forfeiture of two-thirds pay as E–1 per month *until the discharge is executed.*" *Id.* at 67 (emphasis added). *See also United States v. Sperrazza,* 26 M.J. 282 (C.M.A.1988) (summary disposition). *But see United States v. Mason,* 26 M.J. 300 (C.M.A.1988) (summary disposition). Following this approach, what would a servicemember's pay status be if the discharge is not ordered into execution? *See, e.g.,* Articles 71 and 74, UCMJ, 10 U.S.C. §§ 871, 874. In this case, what will be the appellant's precise pay status during the four month period (or more if he is released before his maximum release date) between the date of his release from confinement and the date the three year period of total forfeitures expires should he be returned to a duty status? This is perhaps a matter that deserves further study within the Office of The Judge Advocate General or within the Code Committee structure (Article 67(g), UCMJ, 10 U.S.C. § 867(g)).

 We need not here decide this ultimate question since the convening authority's action did not follow the Staff Judge Advocate's recommendation completely. The action was absolutely silent as to the *duration* of the forfeitures at the two-thirds rate.[3] R.C.M. 1003(b)(2) provides:

---

1. We also note, as pointed out by appellate government counsel, that the appellant's current six-year enlistment began on 4 November 1982, and presumably expired on 3 November 1988. Thereafter, he is not entitled to any pay or allowances. *See United States v. Warner,* 25 M.J. at 67 (Judge Cox, dissenting). *United States v. Forister,* 18 C.M.R. 541, 556 (A.F.B.R. 1954).

2. Trial defense counsel did not comment on the Staff Judge Advocate's Recommendation regard-

ing forfeitures. Under the circumstances present we find plain error. Therefore, the waiver provision in R.C.M. 1106(f)(6) is not applicable.

3. Even had a specific term the partial forfeitures were to run been specified, under the above cited authorities and selected provisions from the 1969 Manual (even though the language in these provisions does not appear in the 1984 Manual), an argument could be made that the practical affect of the convening authority's

"Unless a total forfeiture is adjudged, a sentence to forfeiture *shall* state the exact amount in whole dollars to be forfeited each month and the number of months the forfeiture will last." (emphasis added). We believe this provision is applicable to the situation we face, as well as a case where total forfeitures but no confinement is adjudged. Thus, that portion of the convening authority's action pertaining to forfeitures at the two-thirds rate did not comply with the express terms of the Manual. We will correct this error by modifying the approved forfeitures. *See United States v. White*, 23 M.J. 859 (A.C.M.R.1987). We see no practical reason in this case to affirm even one month of partial forfeitures as the Court did in *White*.[4]

The other two assigned errors are without merit. *See United States v. Banks*, 20 M.J. 166 (C.M.A.1985); *United States v. Strong*, 17 M.J. 263 (C.M.A.1984); *United States v. Cleveland*, 27 M.J. 530 (A.F.C.M.R.1988); *United States v. Oenning*, 20 M.J. 935 (N.M.C.M.R.1985), *pet. denied*, 21 M.J. 161 (C.M.A.1985).

A brief comment on one final matter we noted in the record is warranted. After the sentence was announced and the court members were dismissed, the military judge orally advised the appellant of the substance of his post-trial and appellate rights and immediately adjourned the court. In a very recent case, the Court of Military Appeals held that the requirements under R.C.M. 1010 are "that the accused receive the information in some intelligible form at the end of the trial *and be provided a reasonable opportunity to ask the judge about his rights on the record.*" *United States v. McIntosh*, 27 M.J. 204 (C.M.A.1988) (emphasis added). The latter requirement does not appear to

have been met in this case. However, we perceive no prejudice to the appellant. Both he and his trial defense counsel submitted written matters for consideration by the convening authority under R.C.M. 1105 and 1106, and he is pursuing his appellate rights before this Court. In every case, we encourage military judges not only to give the proper advice in some form, but to ascertain on the record whether the accused has any questions.

The findings of guilty and only so much of the approved sentence as provides for a bad conduct discharge, three years confinement, total forfeiture of all pay and allowances for three years, and reduction to airman basic (E–1) are

AFFIRMED.

Senior Judges LEWIS and KASTL concur.

---

action increased the severity of the sentence. *See* MCM, 1969 (Rev.), paras. 88 *c* and 127 *c*(2). This a convening authority may not do. R.C.M. 1107(d)(1). *See also United States v. Kitching*, 23 M.J. 601, 602 (A.F.C.M.R.1986), *pet. denied*, 24 M.J. 441 (C.M.A.1987). We are not today suggesting how that issue would be resolved, should it come before us.

**4.** In future cases, staff judge advocates would be well advised to consider the guidance provided in paragraph 9–6, AFR 111–1. In addition to

that portion quoted above, sub-paragraph b thereof provides in part:

> When it appears obvious that an accused whose sentence includes total forfeitures will serve the period of confinement adjudged before completion of appellate review, consider (at the time of taking the initial action in the case) reducing the total forfeitures adjudged to a lesser amount for a stated period. (citation omitted).