UNITED STATES

v.

**Technical Sergeant Arthur R. HOLT,
FR 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, United States
Air Force.**

**ACM S27903 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 June 1988.

Decided 11 April 1989.

Appellate Counsel for the Appellant:
Colonel Fred W. Kuhn and Major Frank J.
Spinner.

Appellate Counsel for the United States:
Colonel Joe R. Lamport, Lieutenant Colonel
Robert E. Giovagnoni and Captain Morris
D. Davis.

Before HODGSON, HOLTE and
PRATT, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

HODGSON, Chief Judge:

The facts before us are simple but sad. The appellant is a retirement eligible non-commissioned officer who pleaded guilty to possessing "crack" cocaine * at various times between 1 August 1987 and 11 January 1988. He was sentenced by members to a bad conduct discharge and reduction to airman basic. The convening authority approved the punishment as announced. Appellate defense counsel argue that a bad conduct discharge is inappropriate in view of the appellant's lengthy service and the effect such a punishment will have on his family.

There can be no doubt that an executed punitive discharge is a harsh punishment. In *United States v. Monett*, 16 U.S.C.M.A. 179, 36 C.M.R. 335 (1966), Chief Judge Quinn described it well when he observed:

> A punitive discharge terminates military status with dreadful finality; it ends the accused's right to receive all pay and allowances and it wipes out his military rank and the perquisites thereof.

36 C.M.R. at 338. *See also United States v. Prow*, 13 U.S.C.M.A. 63, 32 C.M.R. 63 (1962) and *United States v. Johnson*, 12 U.S.C.M.A. 640, 31 C.M.R. 226 (1962).

Appellate courts would have to be cloistered to be unaware that "crack" cocaine trafficking has reached epidemic proportions in American society. While the drug problem has receded dramatically within the military services in the last few years, *see* 16 MLR 1079 (Sept-Oct 1988), it still plagues us. A substantial number of cases

---

* "Crack" cocaine is a dangerous and highly addictive narcotic. *See United States v. Henderson*, 23 M.J. 77, 83 (C.M.A.1986) (Chief Judge Everett dissenting).

reviewed by this court involve drug abuse. Drugs and the problems associated with their use, possession and trafficking have been the bane of our society and a threat to our national security for the last decade or so. *See Murray v. Haldeman,* 16 M.J. 74 (C.M.A.1983); *United States v. Trottier,* 9 M.J. 337, 345 n. 19 (C.M.A.1980).

The Air Force's low tolerance of drug abuse is not new, *see United States v. Ashley,* 48 C.M.R. 102 (A.F.C.M.R.1973), and millions of dollars have been spent over the years in education and awareness programs outlining the consequences that can flow from drug involvement. Users, possessors, and traffickers of drugs in the military community have known for years that a drug abuse conviction can result in a sentence that is both severe and longlasting.

■ We lack the power to suspend any part of an approved sentence. *United States v. Healy,* 26 M.J. 394 (C.M.A.1988); *United States v. Clark,* 16 M.J. 239 (C.M.A.1983). Only the President, the Secretary of the Air Force or his designee, and the convening authority may suspend a punitive discharge. Article 74, U.C.M.J., 10 U.S.C. § 874; *United States v. Estill,* 9 U.S.C.M.A. 458, 26 C.M.R. 238 (1958); Air Force Regulation 111–1, *Military Justice Guide,* para. 16–16 (30 September 1988). These officials may exercise such power as a matter of clemency. Our function, however, is not clemency but sentence appropriateness. Chief Judge Everett in *Healy,* 26 M.J. at 395, stated that "[S]entence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." The appropriateness of any sentence is a factual determination as no two cases are exactly alike.

■ With this in mind, let us look at the facts before us. During August 1987, the appellant bought "crack" cocaine on three separate occasions from an airman in his organization. Subsequent to this, he agreed to make controlled buys for law enforcement authorities from this same airman. He did so in November 1987, on two different dates. However, while he was acting as an informant he continued to purchase, unbeknownst to the police, additional amounts of "crack" cocaine for what was apparently his personal use. He did this three or four times. It is also apparent that the appellant, after he became aware that a subordinate was trafficking in drugs, did not inform the authorities, but instead purchased drugs from him. There is no indication the appellant used drugs with this individual, but was satisfied to use him as his "connection". *See United States v. Heyward,* 22 M.J. 35 (C.M.A. 1986). As a non-commissioned officer of many years standing the appellant knew or should have known of the Air Force's stance on drug abuse. Therefore, the possibility of a punitive discharge being adjudged in a drug abuse conviction would come as no surprise. On these facts we conclude that the imposition of an unsuspended punitive discharge is entirely appropriate. The findings of guilty and the sentence are

AFFIRMED.

Judges HOLTE and PRATT concur.