**UNITED STATES**

v.

**Sergeant Lineal R. EL–AMIN, FR274–76–1058, United States Air Force.**

**ACM 29960.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 April 1992.

Decided 30 Sept. 1993.

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse, Major Mary C. Yastishock, and Captain Gilbert J. Andia, Jr.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Captain Carlos L. McDade.

Before JOHNSON, HEIMBURG, and YOUNG, Appellate Military Judges.

OPINION OF THE COURT

YOUNG, Judge:

Appellant pled guilty before a military judge sitting as a general court-martial to use and distribution of marijuana. The military judge sentenced him to a bad-conduct discharge, confinement for 24 months, forfeiture of $250 pay per month for 24 months, and reduction to E–1. In accordance with a pretrial agreement, the convening authority suspended the forfeitures and approved a reduction to E–3. Appel-

lant asserts that he was the victim of selective prosecution and that his sentence is inappropriate. We disagree and affirm.

## I. Facts

A confidential source contacted special agents of the Air Force Office of Special Investigations (AFOSI) about drug activity at military bases in Hawaii. The AFOSI developed three targets from this information; appellant was not one of them. An AFOSI undercover agent contacted one of the targets, a civilian employee, and asked if he could obtain marijuana for her. The civilian employee introduced the undercover agent to appellant who sold her 8 marijuana cigarettes (joints) for $50. Less than a week later, appellant sold the undercover agent another 8 joints for $50. At trial, he pled guilty to these distributions and to using marijuana on one occasion with the civilian employee.

## II. Selective Prosecution

Appellant claims he was selectively prosecuted because the targets of the actual investigation were not prosecuted at all. He believes the only reason he was prosecuted was to justify a costly and sloppy AFOSI investigation. We reject this assignment of error on two grounds: Appellant waived the issue by failing to raise it at trial; and, assuming the error was not waived, appellant failed to establish he was prosecuted for impermissible reasons.

By advancing the selective prosecution argument, appellant asserts a defect in the preferral and referral of the charges. R.C.M. 905(b)(1); *see United States v. Bradley*, 30 M.J. 308, 310 (C.M.A.1990). An accused is required to raise any objections to defects in the preferral and referral of the charges before entering pleas at trial. R.C.M. 905(b). Appellant failed to do so. Failure to make such a motion constitutes waiver. R.C.M. 905(e). The Court of Military Appeals has indicated that a finding of waiver "might be appropriate" when an accused fails to properly raise a selective prosecution issue at trial. *United States v. Bradley*, 30 M.J. at 310–11 (C.M.A.1990), *citing United States v. Mann*, 884 F.2d 532, 539–40 (10th Cir.1989). We so hold. Absent a showing that appel-

lant, exercising due diligence, could not have discovered the evidence to support the motion, failure to properly raise the selective prosecution issue at trial constitutes waiver. Appellate courts are not the proper forum in which to litigate selective prosecution motions for the first time in the absence of compelling circumstances.

Even if we had not applied waiver to this issue, appellant's claim of selective prosecution still fails. "Public officials making decisions to prosecute exercise broad discretion.... There is a strong presumption, that the convening authority performs his duties as a public official without bias." *United States v. Hagen*, 25 M.J. 78, 84 (C.M.A.1987), *cert. denied*, 484 U.S. 1060, 108 S.Ct. 1015, 98 L.Ed.2d 981 (1988). The test for selective prosecution is well established.

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie*, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*United States v. Garwood*, 20 M.J. 148, 154 (C.M.A.1985), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985), *quoting United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir.1974).

Taking appellant's assertions at face value, the other targets of the AFOSI investigation were not similarly situated. Appellant states that one of the targets was a civilian, another was a member of the security police who knew about drug activity on the base but had done nothing about it, and the third target made an apparently uncorroborated admission to using cocaine. Furthermore, appellant failed to suggest the decision to prosecute was

based on any impermissible discriminatory considerations. Assuming appellant's assertion of error was not waived, he failed even to allege a valid claim of selective prosecution.

### III. Sentence Appropriateness

Appellant submits that the sentence was "disproportionately harsh" because the targets of the investigation were not prosecuted and because he was merely acting as a conduit for the civilian employee to provide the marijuana to the undercover agent. He requests this Court reassess his sentence and find appropriate no greater sentence than a special court-martial could adjudge.

In reviewing the appropriateness of a sentence, this court normally will not compare sentences in other cases. *United States v. Olinger*, 12 M.J. 458, 460 (C.M.A. 1982). Courts are also reluctant to review decisions whether to prosecute. *United States v. Hagen*, 25 M.J. 78, 84 (C.M.A. 1987), *citing Wayte v. United States*, 470 U.S. 598, 607–08, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985). We do not find persuasive appellant's argument that we should compare his sentence with the fate of individuals who were never charged or convicted of any offense.

This Court has for many years acknowledged the seriousness and lack of tolerance of drug offenses in the military. *United States v. Toro*, 34 M.J. 506 (A.F.C.M.R.1991), *aff'd*, 37 M.J. 313 (C.M.A.1993); *United States v. Branoff*, 34 M.J. 612 (A.F.C.M.R.1992), *pet. granted*, 37 M.J. 61 (C.M.A.1992); *United States v. Holt*, 28 M.J. 835 (A.F.C.M.R.1989); *United States v. Baker*, 2 M.J. 360 (A.F.C.M.R.

1977), *aff'd*, 4 M.J. 89 (C.M.A.1977). Appellant, a noncommissioned officer with over 5 years of military service, could not have misunderstood the serious nature of his drug offenses, especially distributing marijuana on a military installation. Appellant entered a pretrial agreement with the convening authority which limited the period of confinement to 4 years. Such an agreement is some indication that appellant thought confinement up to 4 years was appropriate for his offenses. *United States v. Hendon*, 6 M.J. 171, 174–75 (C.M.A.1979); *cf. United States v. Kinman*, 25 M.J. 99, 101, n. 4 (C.M.A.1987). We have independently determined the appropriateness of the approved sentence by an individualized consideration of this particular appellant on the basis of the nature and seriousness of the offenses and appellant's character and military service. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982). We are convinced the sentence is not inappropriate.

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of appellant was committed. Articles 59(a), 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and approved sentence are

AFFIRMED.

Senior Judge JOHNSON and Judge HEIMBURG concur.