UNITED STATES

v.

**Staff Sergeant Christopher S. GILL,
FR305–88–7968, United States
Air Force.**

ACM 30279.

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 Aug. 1992.

Decided 13 Sept. 1994.

---

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Colonel Jay L. Cohen, and Captain Ursula P. Moul.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Major John H. Kongable.

Before DIXON, YOUNG, and BECKER, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Judge.

A military judge convicted appellant, contrary to his pleas, of two specifications of indecent assault, two specifications of communicating indecent language, and one specification of indecent exposure, all in violation of Article 134, UCMJ, 10 U.S.C. § 934 (1994). The military judge sentenced appellant to a bad-conduct discharge, confinement for 2 years and 6 months, and reduction to E–1. Appellant assigns nine errors. We find no error and affirm.

## I. Facts

Appellant started working in the Hematology/Oncology ward at Wilford Hall Medical Center in February 1992. Over the course of the next 4 months, he made several unwanted comments of a sexual nature to Airman First Class J and Second Lieutenant C, who also worked on the ward. Both women told appellant that his suggestions were not appreciated and they wanted him to stop. He did not. In March, shortly before he went on leave, appellant handed a note to Airman J and told her to wait until she got off duty to read it. The note contained a most graphic description of sexual acts which appellant wanted to perform on Airman J and others that he wanted her to perform on him. Some of the sexual activities, such as cunnilingus and fellatio, are specifically proscribed by the UCMJ. When appellant returned from leave, Airman J told him she did not approve of the letter and she wanted him to stop this behavior. Sometime in April, appellant told Lieutenant C that he had had a dream about her. When she asked what the dream was about, appellant asked if she ever wore black. When Lieutenant C said she did, he said it was a wet dream. On 19 April, appellant handed a note to Lieutenant C while she was on duty in the ward, told her the note was about the dream, asked her if she had an open mind, and said she should not read it until she went off duty. This note was similar in content to the one appellant gave to Airman J. It contained graphic descriptions of sexual acts he wanted to perform on Lieutenant C, including cunnilingus, and acts he wanted her to perform on him, including fellatio. She was shocked by its contents and ended up destroying the letter. The next time she saw appellant she told him she was offended, it was inappropriate, and she did not appreciate it. Three days later,

appellant came up behind Lieutenant C and pushed his pelvis against her buttocks with sufficient force such that she could feel his erect penis through her clothes. Lieutenant C spun around and angrily asked him what he was doing. Appellant moved away from her, laughed, and said he was sorry. On 25 May, while on duty on the ward, appellant walked up behind Airman J, exposed himself, and grabbed her breast, waist, and buttocks. He then grabbed Airman J by the wrists and tried to force her to touch his exposed penis.

## II. Multiplicity

Appellant alleges the military judge erred by failing to hold the indecent exposure specification was multiplicious with the specification alleging the indecent assault on Airman J because they occurred at the same time. In *United States v. Teters*, 37 M.J. 370 (C.M.A.1993), the Court of Military Appeals adopted the traditional test federal courts employ in determining multiplicity. First, examine the facts to determine if the offenses occurred at the same time and place. If so, then we must determine whether Congress intended an accused to be charged with, convicted of, and punished for both offenses. When, as here, Congress has not spoken, we examine the statutory elements of the offenses, without reference to the pleadings or proof, to see if the elements of one offense are a subset of the other.

### Indecent Exposure

1. The accused exposed a certain part of his body to public view in an indecent manner;

2. The exposure was willful and wrongful; and,

3. The conduct was prejudicial to good order and discipline or service discrediting.

MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV, ¶ 88b (1984).

### Indecent Assault

1. The accused assaulted a certain person not his spouse in a certain manner;

2. The acts were done with the intent to gratify the lust or sexual desires of the accused; and,

3. The conduct was prejudicial to good order and discipline or service discrediting.

MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV, ¶ 63b (1984).

It is possible to commit an indecent assault without the accused exposing part of his body to public view in an indecent manner. It is also possible to indecently expose part of the body in an indecent manner which is not an assault. Therefore, neither is a lesser-included offense of the other. *See Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989) (citing favorably the use of the impossibility test). One is not a subset of the other, and they are not multiplicious. Regardless, since the military judge considered these offenses to be cumulative for sentencing, appellant suffered no prejudice. *But see United States v. Lenoir*, 39 M.J. 751 (A.F.C.M.R.), *pet. denied*, 40 M.J. 276 (C.M.A.1994) (if specifications are not multiplicious then they are not cumulative for sentencing).

## III. Remaining Issues

Appellant's claim that the specifications alleging he communicated indecent language violate his First Amendment right to freedom of speech because the writings were private communications between consenting adults is without merit. *See United States v. Moore*, 38 M.J. 490, 492–93 (C.M.A.1994). We find appellant's contention that the government was required to provide evidence that the communicated language was indecent and violated community standards similarly defective. It is sufficient that the language is indecent on its face and was prejudicial to good order and discipline, as the testimony of the two victims clearly established. *Cf. id.*

Appellant asserts that his sentence is unduly severe when compared with that of a full colonel who committed offenses far more serious than he did. (Citing *Moore.*) We do not think it appropriate to compare sentences in other cases unless the sentences are highly disparate and the cases are closely related. *United States v. Olinger*, 12 M.J. 458, 460 (C.M.A.1982); *United States v. El–Amin*, 38 M.J. 563, 565 (A.F.C.M.R.1993). These cases are not related at all. The

evidence of record establishes that this non-commissioned officer with 10 years of military service inflicted physical and emotional distress on his victims, some of which occurred at their place of duty. Nevertheless, we have given individualized consideration to the seriousness of the offenses, the character and military performance of appellant, and all circumstances documented in the record of trial. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982). We find the sentence is not inappropriate.

■ At trial, appellant asked the military judge to prevent Lieutenant C from testifying about the contents of the letter appellant had handed to her because she had destroyed the best evidence—the letter. *See* MIL. R.EVID. 1002. The military judge found that Lieutenant C's testimony concerning the contents of the letter satisfied the authentication requirement of MIL.R.EVID. 901 and established the destruction of the writing such as to permit other evidence of the contents of the writing in accordance with MIL.R.EVID. 1004. He also found the probative value of the evidence was not substantially outweighed by unfair prejudice. MIL.R.EVID. 403. Appellant alleges the military judge erred. We disagree and adopt the military judge's findings and conclusions. Furthermore, the reliability of Lieutenant C's memory as to the contents of the letter was confirmed by appellant during his testimony.

■ Appellant further claims the specification alleging the indecent assault on Lieutenant C failed to state an offense because it failed to allege appellant's penis was erect when he pushed his pelvis into her buttocks, he had no notice that Lieutenant C would so testify, and the government failed to prove that appellant's acts were done with the intent to gratify his sexual desires. We believe the specification clearly states an offense. Appellant's pressing his pelvis into the buttocks of Lieutenant C may be an offense regardless of whether or not his penis was erect. Furthermore, we find the specification clearly places the accused on notice of the elements of the offense against which he had to defend; the evidence is more than sufficient to establish that appellant did not accidentally bump into Lieutenant C and that he touched her with intent to gratify his sexual desires. *See United States v. French*, 31 M.J. 57, 59 (C.M.A.1990); *United States v. Bryant*, 30 M.J. 72, 73 (C.M.A.1990).

Appellant's remaining assignments of error, raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), have been settled, and no relief is warranted. *Weiss v. United States*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

The findings and sentence are correct in law and fact and no error prejudicial to appellant's substantial rights occurred. Accordingly, the findings and sentence are

AFFIRMED.

Chief Judge DIXON and Judge BECKER concur.